STATE EX REL., ALBERT KEMBERLING, ET AL., RELATORS, v. S. J. PETERSON, ET AL., RESPONDENTS.—214 S. W. 2d 739.

Kansas City Court of Appeals. Opinion delivered November 8, 1948.

*Ellis G. Cook* for appellants.

*Walter Mulvania* and *John M. Gerlash* for respondents.

CAVE, P. J.—This is a proceeding in mandamus wherein relators seek to obtain a peremptory writ against the respondents commanding them to issue a city license to relators to sell intoxicating liquor by the package. The cause was submitted to the trial court on an agreed statement of facts, resulting in a judgment quashing the alternative writ and dismissing the petition. Relators have appealed.

The essential facts are: William A. Kemerling and Edward J. Prime, relators, were partners doing business in the town of Fairfax, Atchison County, Missouri, under the firm name of Kemerling and Prime; that Fairfax is a city of the fourth class; that the respondents are the mayor and board of aldermen of Fairfax; that relators desire to sell intoxicating liquor in the original package at a place of business in Fairfax and secured a *state license* from the Supervisor of Liquor Control for that purpose. Thereupon they deposited a check with the Clerk of the County Court of Atchison County to pay the proper county license fee, and delivered a check to the City Clerk of Fairfax to pay the proper city license fee; that neither check was ever cashed and no county nor city license was ever issued; the City Clerk never presented the check to the board of aldermen at any

regular or special meeting and no action was ever taken by that board. It is agreed that at no time did the relators make an application, either written or oral, to the board of aldermen for a license to sell liquor in the original package; nor did they comply with any of the requirements provided for by the city ordinance, hereinafter referred to, except to tender a check to the City Clerk, or ever made any demand of respondents for the issuance of a license. Notwithstanding the fact that relators did not have a county or a city license, they began the sale of liquor in the original package; whereupon they were arrested by the city authorities, and the prosecuting attorney of Atchison County filed an injunction suit to enjoin them from the further sale of such liquor, and, as a result of these proceedings, relators filed their petition in mandamus.

The city of Fairfax had enacted Ordinance No. 353 relating to the licensing and regulation of the sale of intoxicating liquor in that city, and required, among other things, that before a license could be issued, a written application, under oath, must be made to the board of aldermen; that the application should be accompanied by an appraisal of merchandise on said premises other than fixtures and intoxicating liquor, the value of such merchandise to be at least $1500. The ordinance also provided that no license should be issued to any applicant who is not of good moral character or who has been convicted of a felony in the State of Missouri; that the applicant be a citizen of the United States and a qualified voter of the city of Fairfax; and could only be issued to persons engaged in and to be used in connection with the following businesses: a drugstore; cigar and tobacco store; a grocery store; a general merchandise store; a confectionery and/or delicatessen store; and that no license could be issued to a place of business commonly known as a saloon, or in any place, building or room where there are blinds, screens, swinging doors, curtains or any other thing which would obstruct or obscure the view of the public of the interior of such place.

There are two assignments of error but they present but one question which relators succinctly and bluntly state to be: Can a city of the fourth class refuse a license to carry on the business of selling liquor by the package after a person has secured a license from the State Supervisor of Liquor Control authorizing the conduct of such business in that town or city? They argue that when the Supervisor of Liquor Control issued them a license and when they tendered to the City Clerk the proper license fee, as specified in the city ordinance, it was his duty to forthwith issue a city license "without further ado."

If their contention be correct, the result is that a city can do no more than fix the amount which shall be paid for a city license for the sale of liquor by the package. In support of this contention relators cite Secs. 4904, 4909, R. S. 1939, and State ex rel. v. Keirnan, 207 S. W. (2d) 49. The opinion in the Keirnan case merely held

that a city official or agency could not refuse a city permit "on the ground that the applicant has not complied with the state statute, when the state official, in the exercise of his duties under the state law, has declared the opposite and issued a state license, * * *. After the State Supervisor of Liquor Control has issued a license the director of liquor control of the city has no power to inquire into the *facts upon which the action of the state official was based.* The city official is only concerned with the enforcement of the city ordinances under such circumstances." That is not the question involved in the instant case. The relators made no application to the board of aldermen or made any effort to comply with any of the provisions of Ordinance 353, except to tender to the city clerk a check for the proper fee.

We are confronted with the proposition: Is a city stripped of all power and authority of providing by ordinance for the regulation and control of the sale of liquor if the applicant has secured a state license? We think not. Sec. 4904, cited by relators, provides: "The board of aldermen * * * of incorporated cities, may * * * make and enforce ordinances for the regulation and control of the sale of all intoxicating liquors within their limits, * * * where not inconsistent with the provisions of this act." The question was discussed and decided by the court en banc in State ex rel. Hewlett v. Womach, 355 M. 486, 196 S. W. (2d) 809. The relators in that case contended, as they do here, that the above quoted portion of Sec. 4904, as applied to package sales, was a grant of power to cities to regulate and control sale *after* license charges had been paid, and did not relate to the *licensing* power of municipalities. The court repudiated this theory and held that the grant of power to municipalities to "make and enforce ordinances for the regulation control of all intoxicating liquors within their limits," extends to both package and by-the-drink sales, and that cities may, by ordinance, fix standards to be met before issuing a liquor license. The only requirement is that a city ordinance must not be in conflict or inconsistent with the statute, which means that the ordinance must not permit what the statute prohibits, nor prohibit what the statute permits. State ex rel. v. Womach, supra. Relators do not point out any provision of the ordinance which is in conflict with the statute, and we find none. The conditions set forth by the ordinance which must be met before the issuance of a city license are substantially the same as are made by the statutes. See Secs. 4899, 4901 and 4906. The ordinance is not in conflict with any statute; it is merely supplementary thereto. In Vest v. Kansas City (Mo. S.), 194 S. W. (2d) 38, it is said (39): "As a general rule, additional regulation to that of the state law does not constitute a conflict therewith. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the

requirement for all cases to its own prescriptions.'' This principle was quoted and approved in State v. Womach, supra.

Relators having made no effort to comply with the provisions of the ordinance, are in no position to demand the issuance of the license prayed for. There are other reasons ably advanced by respondents why relators are not entitled to the relief prayed, but we deem it unnecessary to lengthen the opinion by discussing such questions.

The judgment of the trial court is correct and should be affirmed. It is so ordered. All concur.