STATE ex rel. Tom COOK, Sheriff of
Cass County, Respondent,

v.

Don L. SAYNES, et al., Appellants.

No. 67848.

Supreme Court of Missouri,
En Banc.

July 15, 1986.

Thomas J. Cox, Kansas City, for appellants.

Cathleen A. Shine, William B. Collins, Harrisonville, for respondent.

RENDLEN, Judge.

The Circuit Court of Cass County ordered forfeiture of $7,575 pursuant to § 195.140, RSMo Cum.Supp.1984. Appellant challenges the constitutionality of that section and because the validity of the statute is brought into question the cause falls within the exclusive appellate jurisdiction of this Court. Mo.Const. art. V, § 3. We affirm.

Respondent under the terms of § 195.140 filed a Petition for Forfeiture of Money and Motor Vehicle and by Count I sought forfeiture of the $7,575, allegedly found in "close proximity" to a forfeitable controlled substance. Count II, dismissed without prejudice by the circuit court, sought forfeiture of a motor vehicle pursuant to § 195.145, RSMo 1978. Appellant filed a Motion to Dismiss Count I or in the Alternative for an Order Changing the Burden of Proof, maintaining § 195.140 violates due process, Mo.Const. art. I, § 10, U.S. Const. amends. V and XIV, because it is vague and overbroad by use of the term "close proximity," and that the statute creates a presumption of forfeitability which impermissibly places the burden of proof on defendant. Appellant's motion was overruled and the cause proceeded whereupon the court made its findings and entered the following order:

> This is a proceeding under Section 195.140 for the forfeiture of $7,575.00 seized from Don L. Saynes on January 15, 1985. The facts are not in material dispute and basically the facts are that the police came to the residence of Don L. Saynes in Cass County, Missouri seeking to speak with him concerning a missing person report. Mr. Saynes was not a suspect in that case but was merely to be interviewed. During the course of the interview with Mr. Saynes inside his 60 foot trailer, the police officers noticed what appeared to be marijuana. When questioned about this, Mr. Saynes produced some other marijuana and was asked if a search could be made of his trailer. A search was conducted and some 500 grams of marijuana was discovered in the trailer. The $7,575.00 was found in the trailer in a Crown Royal bag on which there was marijuana debris, and in which there was marijuana debris. The total amount of this debris was of a minimal weight.
>
> The money was not found in the same place in the trailer that the 500 grams of marijuana was found, nor where the initial marijuana was sighted. There is no evidence in the case as to the exact distance from the place where the marijuana was found to the place where the money was found. The State proceeds on the basis that the marijuana and the money were in close proximity to one another, and therefore the money is forfeitable. Section 195.140.2(2) provides, "Any monies, coin or currency found in close proximity to forfeitable controlled substance, * * * are presumed to be forfeitable under this section. The burden of proof shall be upon claimant's of property to rebut this presumption."
>
> The State's evidence places the 500 grams of marijuana inside a 60 foot single wide mobile home and the monies inside the same structure, with the money being in a bag which has marijuana debris within it and on its external surface. The Court finds that the money and the marijuana, both that on the bag and that which was seized in a quantity of approximately 500 grams, was in close proximity, and that the money was therefore forfeitable.

The defendant presented evidence from his own testimony that the money came from the sale of a house and from monies which he kept from his employment. There is no evidence presented to refute the defendant's testimony, however, the Court having had the opportunity to view the witness testify has grave doubts concerning the credibility of the defendant's story.

The Court finds that the $7,575.00 was found in close proximity to a forfeitable substance, to wit, marijuana a Schedule I Controlled Substance, and the Court orders that the money be forfeited and paid over to the Treasurer of Cass County, Missouri.

SO ORDERED.

As his only grounds for appeal, appellant continues the constitutional challenge to § 195.140, contending, as noted above, the statute by its use of the phrase "close proximity" suffers from overbreadth and vagueness and further creates an impermissible presumption of forfeitability.

Section 195.140 provides in pertinent part as follows:

2. (1) Everything of value furnished, or intended to be furnished, in exchange for a controlled substance, imitation controlled substance or drug paraphernalia in violation of sections 195.010 to 195.-320, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used, or intended to be used, to facilitate any violation of sections 195.010 to 195.320 shall be forfeited, except that no property shall be forfeited under this subsection to the extent of the interest of an owner by reason of any act or omission established by him to have been committed without his knowledge or consent.

(2) *Any moneys,* coin, or currency found *in close proximity* to forfeitable controlled substances, imitation controlled substances, or drug paraphernalia, or forfeitable records of the importation, manufacture, or distribution of controlled substances, imitation controlled substances or drug paraphernalia *are presumed to be forfeitable* under this subsection. *The burden of proof shall be upon claimants of the property to rebut this presumption.* (Emphasis added.)

I.

We first address the contention of vagueness and overbreadth.

■ "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). The void-for-vagueness doctrine serves two essential functions. It first ensures that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Second, it protects against arbitrary and discriminatory enforcement by ensuring that laws provide explicit standards for those who apply them. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); *Grayned,* 408 U.S. at 108, 92 S.Ct. at 2298; *State v. Friend,* 711 S.W.2d 508, 511 (Mo. banc 1986); *State ex rel. Missouri State Board of Registration for the Healing Arts v. Southworth,* 704 S.W.2d 219, 223 (Mo. banc 1986); *State v. Young,* 695 S.W.2d 882, 884 (Mo. banc 1985).

■ The term "close proximity" employed in § 195.140 is not so imprecise and uncertain as to render the section void for vagueness. A statute is presumed constitutional and will not be held otherwise unless it clearly contravenes a constitutional provision. *Southworth,* 704 S.W.2d at 223. "If the terms or words used in the statute are of common usage and are understandable by persons of ordinary intelligence, they satisfy the constitutional requirement as to definiteness and certainty." *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980).

■ The words "close proximity" are words of common usage, understandable by persons of normal intelligence. It has been said that "in close proximity" simply means "very near." *Limon v. State,* 285

Ark. 166, 685 S.W.2d 515, 516 (1985). We do not read the due process guarantee to require that the legislature define such terms with mathematical precision. The fact that determination of whether an object is in "close proximity" to another must be determined on a case-by-case basis, *id.; Bozman v. Office of Finance*, 52 Md.App. 1, 445 A.2d 1073, 1075 (1982), *aff'd*, 296 Md. 492, 463 A.2d 832 (1983), does not render the section unconstitutionally vague. Persons of ordinary intelligence need not guess at the statute's meaning and the statute affords sufficient guidance to those who must apply it. Moreover, one who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. *Village of Hoffman Estates*, 455 U.S. at 495, 102 S.Ct. at 1191. *But see Young*, 695 S.W.2d at 883–84 (exception exists where facial validity of enactment is challenged on First Amendment grounds). Here, no matter how imprecise "close proximity" might be, it cannot be reasonably argued that the forfeited money was not in close proximity to the marijuana found on the bag containing the money, and this must be considered with the fact that substantial amounts of the controlled substance were found within the confines of the "60 foot single wide mobile home." Certainly the section is not vague in applicability of its presumption to money found with or immediately by the drug. Even if its outer boundaries may be imprecise, any such uncertainty of § 195.140 has little relevance here, where the forfeited money falls squarely within the "hard core" of the statute's presumption. *Broadrick v. Oklahoma*, 413 U.S. 601, 608, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973).

Appellant also maintains that § 195.140 is unconstitutionally overbroad by its use of the term "close proximity," arguing that because the statute deems *all* money found in "close proximity" to a controlled substance presumptively forfeitable, it extends to money legally obtained and is therefore overbroad.

■ "A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected con-

duct." *Grayned*, 408 U.S. at 114, 92 S.Ct. at 2302. If an enactment does not reach a substantial amount of constitutionally protected conduct, then the overbreadth challenge must fail. *Village of Hoffman Estates*, 455 U.S. at 494, 102 S.Ct. at 1191.

■ While the overbreadth doctrine generally has been applied in the First Amendment area, *see Broadrick*, 413 U.S. at 610–15, 93 S.Ct. at 2914–17, appellant fails to demonstrate how § 195.140 prohibits or chills any activity protected by the First Amendment. *See also Village of Hoffman Estates*, 455 U.S. at 508, 102 S.Ct. at 1198 (White, J., concurring). *But cf. Scott v. District Attorney*, 309 F.Supp. 833, 837–38 (E.D.La.1970), *aff'd*, 437 F.2d 500 (5th Cir. 1971). In any event, § 195.140 does not "sweep within its ambit," *Thornhill v. Alabama*, 310 U.S. 88, 97, 60 S.Ct. 736, 742, 84 L.Ed.2d 1093 (1940), a substantial amount of constitutionally protected conduct. The statute provides for the forfeiture of

> Everything of value furnished, or intended to be furnished, in exchange for a controlled substance, imitation controlled substance or drug paraphernalia in violation of sections 195.010 to 195.320, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used, or intended to be used, to facilitate any violation of sections 195.010 to 195.320....

Section 195.140.2(1). The statute does not provide for *forfeiture* of monies found in close proximity to forfeitable controlled substances, instead § 195.140.2(2) creates a *rebuttable presumption* that any such money is forfeitable and such presumption does not render the sweep of § 195.140 so far reaching as to render it unconstitutionally overbroad.

## II.

Citing the balancing test enunciated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), as the sole authority for the proposition, appellant next argues that § 195.140 violates due process in creating a presumption of forfeitability.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property'

interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Id.* 424 U.S. at 332, 96 S.Ct. at 901; *see also Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

■■■■ "A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the Fourteenth Amendment. Legislative fiat may not take the place of fact in the judicial determination of issues involving life, liberty or property." *Western & Atlantic Railroad v. Henderson,* 279 U.S. 639, 642, 49 S.Ct. 445, 447, 73 L.Ed.2d 884 (1929); *see also State v. Munson,* — S.W.2d —, — n. 3, No. 67959, slip op. at 7 n. 3 (Mo. banc July 15, 1986). The State may "regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion, 'unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Speiser v. Randall,* 357 U.S. 513, 523, 78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460 (1958).

■■ In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, the United States Supreme Court set forth the balancing test to be employed in determining what process is due whenever there is governmental deprivation of a constitutionally protected interest. The *Mathews v. Eldridge* balancing test identifies three factors to be considered in determining the process due: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* 424 U.S. at 335, 96 S.Ct. at 903; *see also State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 230 (Mo. banc 1982).

■■ In the instant case the private interest affected is appellant's property interest in the money. The countervailing governmental interest is the regulation of illegal transactions involving controlled substances, specifically through deprivation of the means and fruits of such transactions.

Regarding the risk of erroneous deprivation, it cannot be denied some risk exists. While it is not irrational to infer, absent convincing evidence to the contrary, that money found in close proximity to forfeitable controlled substances is money related to a controlled substance transaction, certainly not all money in close proximity is necessarily so related. But in this vein, it is significant that the statutory presumption provided for in § 195.140.2(2) is merely a *rebuttable* presumption, and thus distinguishable from earlier cases involving "irrebuttable presumptions." *E.g., Cleveland Board of Education v. LaFleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *United States Department of Agriculture v. Murry,* 41 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973); *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973). *See generally* Note, *The Irrebuttable Presumption Doctrine in the Supreme Court,* 87 Harv.L.Rev. 1534 (1974). The fact that money is found in close proximity to forfeitable controlled substances furnishes a logical basis for the inference of forfeitability, hence the presumption may not be said to be arbitrary. Further as defendant is afforded the full opportunity to rebut it, it does not appear to us the risk of erroneous deprivation is unconstitutionally great, though we are well aware that "[i]n all kinds of litigation it is plain that where the burden of proof lies may be decisive to the outcome." *Speiser,* 357 U.S. at 525, 78 S.Ct. at 1342. Additionally, in a forfeiture proceeding such as that under consideration here, it is defendant who best can demonstrate the money's source.

The risk of erroneous deprivation is but one factor to be considered in the *Mathews v. Eldridge* equation, and due process does not and could not practically require procedures which guarantee that no error ever

be committed. The risk of erroneous deprivation compatible with due process is measured against the countervailing private and public interests involved and here, when balancing the factors prescribed by *Mathews v. Eldridge,* we do not find this statutory presumption violative of due process. The forfeiture provisions allow a plenary hearing, and in light of the significant governmental interest involved, we are satisfied it is not violative of due process to deprive a defendant of money found in close proximity to forfeitable controlled substances when he remains free to rebut the presumption of forfeitability. Appellant does not ask us and we do not now decide the question of what evidence is sufficient to rebut the presumption. We merely hold that to shift the burden of proof to the defendant once it is shown that the money was found in close proximity to forfeitable controlled substances does not violate the due process guarantee.

Judgment affirmed.

All concur.