**ALLSTATE DISTRIBUTORS,
INC., Respondent,**

v.

**Willie NORFLEET, Director of
Finance, City of University
City, Missouri, Appellant.**

**No. 69363.**

Supreme Court of Missouri,
En Banc.

May 17, 1988.

Dennis F. Kay, University City, for appellant.

Sidney W. Horwitz, St. Louis, for respondent.

WELLIVER, Judge.

Appellant, Director of Finance, Willie Norfleet, appeals from the Circuit Court of St. Louis County's order sustaining respondent, Allstate Distributor's, Inc.'s Motion for Summary Judgment and denying appellant's Motion for Summary Judgment and Motion for New Trial. We have jurisdiction in this case because the appeal involves the construction of revenue laws of this state. Mo.Const. art. V, § 3. We affirm.

I

The facts are not disputed. Respondent is a wholesale liquor dealer in University City, Missouri, a charter city. At all pertinent times herein, respondent had a valid liquor license issued by University City. Appellant is the Director of Finance for University City. On or about June 2, 1986, appellant informed respondent that appellant's records did not indicate that respondent applied for a 1986 "Business License." On or about June 26, 1986, respondent "under protest," paid the amount due for the business license. The fee charged was $1.16 per $1,000 of gross receipts earned in 1985, less the amount respondent paid for a 1986 University City liquor license, $375.00, plus an 11% penalty on the fee owed as a late payment charge for a total of $26,353.38.

The single issue framed by the facts is did the legislature, following the repeal of prohibition, intend to effectively preempt to the state the taxation of liquor by the adoption of Chapter 311, RSMo 1986. This Court having dealt with a similar issue in *Bardenheier Wine & Liquor Co. v. City of St. Louis*, 345 Mo. 637, 135 S.W.2d 345 (1939), as it relates to a city passing a "gallonage tax" on liquor, the more precise issue becomes whether the "gross receipts" tax in this case should be treated differently from the "gallonage tax" of *Bardenheier*.

## II

Section 311.040 provides:

The provisions of this law shall be in force in and apply to every incorporated city, town or village in this state, whether same be organized under the general law relating to cities, towns and villages, or by special charter under the state constitution, any ordinance or charter provision of any city, town or village to the contrary notwithstanding.

Section 311.220, RSMo 1986,[1] relating to permissible license fees charged by counties and municipalities, states as follows:

**311.220. Counties and cities may charge for licenses—amount.—1.** In addition to the permit fees and license fees and inspection fees by this law required to be paid into the state treasury, every holder of a permit or license authorized by this law shall pay into the county treasury of the county wherein the premises described and covered by such permit or license are located, or in case such premises are located in the city of St. Louis, to the collector of revenue of said city, *a fee in such sum not in excess of the amount by this law required to be paid into the state treasury for such state permit or license,* as the county commission, or the corresponding authority in the city of St. Louis, as the case may be, shall by order of record determine, and shall pay into the treasury of the municipal corporation, wherein said premises are located, *a license fee in such sum, not exceeding one and one-half times the amount by this law required to be paid into the state treasury for such state permit or license,* as the lawmaking body of such municipality, including the city of St. Louis may by ordinance determine.

1. Municipalities were originally allowed to charge license fees by the Liquor Control Act, § 25 Laws of Mo., Extra Session, 1933–34 p. 84: The Board of Aldermen, City Council or other proper authorities of incorporated cities may charge for licenses issued to manufacturers, distillers, brewers, wholesalers, and retailers of all intoxicating liquor, within their limits, fix the amount to be charged for such license, ·and provide for the collection thereof, make and enforce ordinances for the regulation and

2. The board of aldermen, city council or other proper authorities of incorporated cities, may charge for licenses issued to manufacturers, distillers, brewers, wholesalers and retailers of all intoxicating liquor, located within their limits, fix the amount to be charged for such license, *subject to the limitations of this law,* and provide for the collection thereof, make and enforce ordinances for the regulation and control of the sale of all intoxicating liquors within their limits, provide for penalties for the violation of such ordinances, where not inconsistent with the provisions of this law.

(Emphasis added.)

Section 311.550, RSMo 1981, appearing under that part of the Liquor Law denominated as "Inspection and Excises," provides:

1. In addition to all other licenses and charges, there shall be paid to and collected by the director of revenue charges as follows:

(1) For the privilege of selling in the state of Missouri spirituous liquors, including brandy, rum, whiskey, and gin, and other spirituous liquors and alcohol for beverage purposes, there shall be paid, and the director of revenue shall be entitled to receive, the sum of two dollars per gallon or fraction thereof;

2. For the privilege of selling wines, the sum of thirty cents per gallon.

Section 311.550.1(1), RSMo 1986.

Following the repeal of prohibition, many states authorized sale of liquor through state stores, thereby reserving all the revenue from sales of liquor to the state. Others, as we did in Missouri, set a state license fee and limited the counties and municipalities as to the amount they could

control of the sale of all intoxicating liquor within their limits, not inconsistent with the provisions of this act, and provide for penalties for the violation thereof. This section was amended in 1935, in a form similar to its present form, by adding the limited amount to be charged for licenses, and other insignificant and minor changes. Section 825 Laws of Mo., 1935 p. 276–77; § 4904, RSMo 1939; § 311.220, RSMo 1949.

tax for licenses, and reserved to the state the right to assess the "gallonage tax" or revenue tax. Appellant asserts that § 94.360, RSMo 1986, allows a special charter city to impose a license tax on a "wholesale merchant" and the University City, Mo.Code §§ 18.54–18.56, § 18–20 (1980) permit a license tax to be exacted from "wholesale houses or merchants" or "distillers' agencies."

We see no real difference between the arguments made in *Bardenheier* and the arguments here propounded, other than the fact that *Bardenheier* involved a "gallonage" tax and the tax here involved is a gross receipts tax based upon percentage of gross sales, both of which in our opinion contain elements of inspection and excises or revenue measures. *Bardenheier*, dealing with similar, but then differently numbered sections of the Liquor Control Law, reasoned and concluded:

> The Twenty–First Amendment to the Constitution of the United States, adopted in 1933, effected the repeal of the Eighteenth or National Prohibition Amendment, U.S.C.A. Const. following which the 57th General Assembly of Missouri, at an extra session convened October 17, 1933, enacted a comprehensive scheme for the regulation and control of the manufacture, sale, possession, transportation and distribution of intoxicating liquor, known and designated as the "Liquor Control Act." Laws of Mo., Extra Session, 1933–34, pp. 77–95. The act has been amended at each subsequent session of the Legislature. Laws 1935, pp. 267–285; Laws 1937, pp. 527–534; Laws 1939, pp. 817–824.
>
> ....
>
> As summarized in their brief, respondents' position is stated as follows: "That the liquor control act does grant to both counties and municipalities the power to impose, within prescribed limits, the same kind of fees as the state exacts for its 'permit or license'." ... We are of the opinion that the charges prescribed by Sec. 21a1 are those referred to in Sec. 22a, and so are in the nature of inspection fees, and not license fees, which are fixed by other sections. The section (25)

limiting the charges counties and municipalities may impose, requires every holder of a state permit or license to pay, "In addition to the permit fees and license fees and *inspection fees* by this act required to be paid into the state treasury * * * a *fee* in such sum (not in excess of the amount by this act required to be paid into the state treasury for such *state permit or license*) as the county court, or the corresponding authority in the City of St. Louis, as the case may be, shall by order of record determine" and "*a license fee* in such sum (not exceeding one and one-half times the amount by this act required to be paid into the state treasury for such *state permit or license*), as the law-making body of such municipality, including the City of St. Louis may by ordinance determine." It seems clear that the authority of the city under the foregoing section was exhausted by the enactment of Sec. 10 of the ordinance which imposed a charge of two and one-half times the amount required to be paid into the state treasury for a state permit or license; and, therefore, the provisions of Sec. 10–A setting up a gallonage tax must fall, as invalid....

*Bardenheier*, 345 Mo. 637, 135 S.W.2d at 345–46, 348 (1939). In our opinion, the same reasoning applies to the gross receipts tax here involved.

We believe that as § 94.360 relates to the sale of liquor, § 311.040 and § 311.220 compel the conclusion that the specific provisions of the Liquor Control Act must and do prevail over the general provisions of § 94.360.

> The council of any incorporated town or city in this state having a special charter and which contains not more than thirty thousand inhabitants may by ordinance levy and collect a license tax on ... wholesale merchants, ... and all other pursuing like occupations.

Section 94.360, RSMo 1986. *See State ex rel. Fort Zumwalt School District v. Dickherber*, 576 S.W.2d 532, 536–37 (Mo. banc 1979); *City of Raytown v. Danforth*, 560 S.W.2d 846, 848 (Mo. banc 1978); 82 C.J.S. *Statutes* § 369 (1953). Were this not true,

the size of county or municipal taxes such as the tax here involved would directly affect the price of liquor, another phase of liquor control covered by §§ 311.332–.333, RSMo Supp. 1987 and §§ 311.334–.338, RSMo 1986 1986 of the Liquor Control Law.

Clearly, the state preempted the regulation and taxation of liquor when it granted to municipalities and counties by § 311.220 only the power to issue a business license in the amount therein limited and to make regulations not inconsistent with the provisions of the Liquor Control Law. In all of our statutes there is not a more exhaustive and all comprehensive regulatory act. Even such things as selling liquor at resorts and seasonal resorts (§ 311.095); selling liquor in stadiums (§§ 311.097, 311.273); selling liquor on boats or vessels (§ 311.-091–.092); keeping bars open if New Year's Eve falls on Sunday (§ 311.298); serving liquor in restaurants on Sunday (§ 311.-097); selling liquor on Sunday amusement places (§ 311.098); selling liquor on Sunday in places of entertainment (§ 311.102); and selling liquor on Sunday in 50 year old St. Louis dance-ballrooms (§ 311.093) require authorization by the state rather than by the municipality or the city.

The appellant municipality acknowledges some sort of limitation on its power to tax the sale of liquor when it deducts the $375 liquor license fee from the gross receipts tax to arrive at the net amount due. The municipality, under the limitations set by § 311.220, exhausted its power to tax the sale of liquor when it imposed the $375 liquor license, and the gross receipts tax created by University City, Mo Code § 18.54–18.56 and § 18–20 (1980), is invalid as the same applies to the sale of liquor.

The judgment of the trial court sustaining respondent Allstate Distributors' Motion For Summary Judgment and denying appellant University City's Motion for Summary Judgment is affirmed.

All concur.