**STATE ex rel. CASEY'S GENERAL STORES, INC., Relator–Appellant,**

v.

**Jim DOWNING, Mike Jess, Bill Schroder, Leon Daniels, Members of the Board of Aldermen of the City of Marshfield, Respondents.**

No. 15541.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 9, 1988.

Gary W. Lynch, Douglas, Lynch, Munton & Haun, P.C., Bolivar, for relator-appellant.

John W. Sims, Haymes, Sims & Thompson, Marshfield, for respondents.

GREENE, Judge.

Relator, Casey's General Stores, Inc. (Casey's), an Iowa corporation, appeals from the trial court's judgment which dismissed Casey's petition seeking a writ of mandamus to compel respondents, Jim Downing, Mike Jess, Bill Schroder and Leon Daniels, members of the board of aldermen of the city of Marshfield, Missouri, to issue a license to Casey's that would permit it to sell nonintoxicating beer at its place of business located at 538 Commercial, Marshfield, Missouri. Casey's application for a license was rejected by the board because the store's location was within 300 feet of a church.

Section 605.140(B) of the Marshfield City Code provides that "No license shall be issued for the selling of non-intoxicating beer in a dwelling house nor to any applicant whose place of business is within 300 feet of any school or church." In its judgment, the trial court held that the ordinance was a valid exercise of the city's power to regulate and control the sale of nonintoxicating beer within the city limits, which power had been delegated to the city by the state of Missouri through the passage of § 312.140 of the Missouri statutes.

In its sole point relied on in its appeal, Casey's contends that the trial court's finding is erroneous because the ordinance is in conflict with state law and is, therefore, invalid. We affirm.

Chapter 312 of the Missouri statutes contains regulations referring to the manufacture, sale, and transportation of nonintoxicating beer, which beer is defined by § 312.010.2 as that having an alcohol content of more than one-half of one percent by volume and not exceeding three and two-tenths percent by weight. The state, through the enactment of § 312.140, gives the board of aldermen, city council or other proper authorities of incorporated cities, towns and villages the power to "make and enforce ordinances for the regulation and control of the sale of nonintoxicating beer within their limits not inconsistent with the provisions of this chapter, and provide penalties for the violation thereof." This statute evidences the intent of the legislature to give local communities a certain degree of home rule in regulating the sale of nonintoxicating beer within its borders, as long

as its regulatory ordinances do not conflict with state law. *City of Flat River v. Mackley,* 212 S.W.2d 462, 468 (Mo.App. 1948).

Casey's has not shown us where the ordinance under attack conflicts with state law. There is no statutory section in Chapter 312 which permits or prohibits the selling of nonintoxicating beer within any prescribed distance from a church or school. Casey's seizes on this absence of any state control on the subject as implied permission by the legislature to sell beer at any location, regardless of any prohibitory city ordinance to the contrary. However, Casey's has failed to cite us any case that legitimizes such a contention.

The regulatory sections contained in Chapter 312, such as prohibiting the sale of nonintoxicating beer to minors, § 312.400, are not all-inclusive. *State v. Womach,* 355 Mo. 486, 196 S.W.2d 809, 812 (en banc 1946). The legislature, through the enactment of § 312.140, gives local authorities the power to make and enforce regulatory ordinances in addition to any that might be prescribed in Chapter 312, as long as they are not inconsistent with state law. *City of Maryville v. Wood,* 358 Mo. 584, 216 S.W.2d 75, 77 (1948). Courts have held that the enactment and enforcement by local authorities of ordinances regulating the sale of alcoholic beverages, in situations where the state statutes were silent on the subject, were a valid exercise of the power granted by the state to the local community. *See State v. Womach,* supra, (ordinance limiting number of places where liquor could be sold within the city), and *State v. Peterson,* 240 Mo.App. 700, 214 S.W.2d 739 (1948) (ordinance limiting businesses at which package liquor could be sold).

While these cases deal with the regulation of the sale of intoxicating beverages, rather than nonintoxicating beer, we see no reason why their rationale is not applicable to the situation at hand, as in both instances the legislature delegated the power to regulate to the local communities.

Since the ordinance in the present case is not inharmonious with state law and is not unreasonable, *State v. City of St. Robert,* 424 S.W.2d 73, 79 (Mo.App.1968), as it neither prohibits what Chapter 312 expressly permits, or permits what the statute prohibits, *Crackerneck Country Club, Inc. v. City of Independence,* 522 S.W.2d 50, 51 (Mo.App. 1974), it is, as the trial court held, a valid exercise of the power to regulate which had been granted to the city of Marshfield by the state legislature through passage of § 312.140.

Judgment affirmed.

HOLSTEIN C.J., and CROW, P.J., concur.