The Honorable Doyle Childers Representative, District 132 State Capitol Building, Room 102B Jefferson City, Missouri 65101
Dear Representative Childers:
This opinion is in response to your questions asking:
 1. Does the City of Lakeview have the authority to regulate, license and tax intoxicating liquors and beverages?
 2. May the City of Lakeview license and tax such state licensed establishments such as resorts and restaurant-bars?
 3. To what extent may the City of Lakeview tax such establishments?
In your opinion request, you ask whether Missouri Attorney General Opinion No. 99, McCubbin, 1968 (hereinafter "Opinion No. 99"), a copy of which is enclosed, applies to your questions in light of subsequent legislation. We note that the City of Lakeview is a fourth class city.
In Opinion No. 99 this office concluded that the City of Lake Ozark, having a population of less than 500, did not qualify to have an election as provided under Section 311.090, RSMo 1959, and could not require a license from any resort or business selling intoxicating liquor by the drink on licensed premises within the city limits. Opinion No. 99 was based on Section 311.090, RSMo 1959, which provided in part:
 311.090. Sale of liquor by drink, where legal-bond of licensee — 1. Any person who possesses the qualifications required by this chapter, and who meets the requirements of and complies with the provisions of this chapter, and the ordinances, rules and regulations of the incorporated city in which such licensee proposes to operate his business, may apply for and the supervisor of liquor control may issue a license to sell intoxicating liquor, as in this chapter defined, by the drink at retail for consumption on the premises described in the application; provided, that no license shall be issued for the sale of intoxicating liquor, other than malt liquor containing alcohol not in excess of five per cent by weight, by the drink at retail for consumption on the premises where sold, in any incorporated city having a population of less than twenty thousand inhabitants, until the sale of such intoxicating liquor, by the drink at retail for consumption on the premises where sold, shall have been authorized by a vote of the majority of the qualified voters of said city. Such authority to be determined by an election to be held in said cities having a population of less than twenty thousand inhabitants, under the provisions and methods set out in this chapter. The population of said cities to be determined by the last census of the United States completed before the holding of said election; provided further, that for the purpose of this law, the term "city" shall be construed to mean any municipal corporation having a population of five hundred inhabitants or more;
provided further, that no license shall be issued for the sale of intoxicating liquor, other than malt liquor containing alcohol not in excess of five per cent by weight, by the drink at retail for consumption on the premises where sold, outside the limits of such incorporated cities. [Emphasis added.]
* * *
This section has been amended and now provides as follows:
 311.090. Sale of liquor by the drink, cities, requirements — Sunday sales authorized for certain organizations. — 1. Any person who possesses the qualifications required by this chapter, and who meets the requirements of and complies with the provisions of this chapter, and the ordinances, rules and regulations of the incorporated city in which such licensee proposes to operate his business, may apply for and the supervisor of liquor control may issue a license to sell intoxicating liquor, as in this chapter defined, by the drink at retail for consumption on the premises described in the application; provided, that no license shall be issued for the sale of intoxicating liquor, other than malt liquor containing alcohol not in excess of five percent by weight, and light wines containing not in excess of fourteen percent of alcohol by weight made exclusively from grapes, berries and other fruits and vegetables, by the drink at retail for consumption on the premises where sold to any person other than a charitable, fraternal, religious, service or veterans' organization which has obtained an exemption from the payment of federal income taxes as provided in section 501(c)(3), 501(c)(4), 501(c)(5), 501(c)(8), 501(c)(10), 501(c)(19), or 501(d) of the United States Internal Revenue Code of 1954, as amended, in any incorporated city having a population of less than twenty thousand inhabitants, until the sale of such intoxicating liquor, by the drink at retail for consumption on the premises where sold, shall have been authorized by a vote of the majority of the qualified voters of the city. Such authority shall be determined by an election to be held in those cities having a population of less than twenty thousand inhabitants as determined by the last preceding federal decennial census, under the provisions and methods set out in this chapter. No license shall be issued for the sale of intoxicating liquor, other than malt liquor containing alcohol not in excess of five percent by weight, by the drink at retail for consumption on the premises where sold, outside the limits of such incorporated cities unless the licensee is a charitable, fraternal, religious, service or veterans' organization which has obtained an exemption from the payment of federal income taxes as provided in section 501(c)(3), 501(c)(4), 501(c)(5), 501(c)(8), 501(c)(10), 501(c)(19), or 501(d) of the United States Internal Revenue Code of 1954, as amended.
 2. Notwithstanding any other provisions of this chapter to the contrary, any charitable, fraternal, religious, service or veterans' organization which has obtained an exemption from the payment of federal income taxes as provided in section 501(c)(3), 501(c)(4), 501(c)(5), 501(c)(8), 501(c)(10), 501(c)(19), or 501(d) of the United States Internal Revenue Code of 1954, as amended, may apply for, and the supervisor of liquor control may issue, a license to sell intoxicating liquor, as defined in this chapter, between the hours of 12:00 noon on Sunday and midnight on Sunday by the drink at retail for consumption on the premises described in the application. The authority for the collection of fees by cities and counties as provided in section 311.220, and all other laws and regulations of the state relating to the sale of liquor by the drink for consumption on the premises where sold, shall apply to organizations licensed under this subsection in the same manner as they apply to establishments licensed under subsection 1 of this section and sections 311.085 and 311.095. In addition to all other fees required by law, an organization licensed under this section shall pay an additional fee of two hundred dollars a year payable at the same time and in the same manner as its other license fees.
Because the amendment removed the requirement that a city have a population of five hundred inhabitants or more, the City of Lakeview, under the provisions of this section, can hold an election on the question of whether the sale of intoxicating liquor, with certain exceptions, by the drink at retail for consumption on the premises where sold shall be permitted. Therefore, we are withdrawing Opinion No. 99.
The extent to which a city can regulate and license is described in Section 311.220, RSMo 1986:
 311.220. Counties and cities may charge for licenses — amount. — 1. In addition to the permit fees and license fees and inspection fees by this law required to be paid into the state treasury, every holder of a permit or license authorized by this law shall pay into the county treasury of the county wherein the premises described and covered by such permit or license are located, or in case such premises are located in the city of St. Louis, to the collector of revenue of said city, a fee in such sum not in excess of the amount by this law required to be paid into the state treasury for such state permit or license, as the county commission, or the corresponding authority in the city of St. Louis, as the case may be, shall by order of record determine, and shall pay into the treasury of the municipal corporation, wherein said premises are located, a license fee in such sum, not exceeding one and one-half times the amount by this law required to be paid into the state treasury for such state permit or license, as the lawmaking body of such municipality, including the city of St. Louis may by ordinance determine.
 2. The board of aldermen, city council or other proper authorities of incorporated cities, may charge for licenses issued to manufacturers, distillers, brewers, wholesalers and retailers of all intoxicating liquor, located within their limits, fix the amount to be charged for such license, subject to the limitations of this law, and provide for the collection thereof, make and enforce ordinances for the regulation and control of the sale of all intoxicating liquors within their limits, provide for penalties for the violation of such ordinances, where not inconsistent with the provisions of this law.
Pursuant to these provisions, "[c]ourts have held that the enactment and enforcement by local authorities of ordinances regulating the sale of alcoholic beverages, in situations where the state statutes were silent on the subject, were a valid exercise of the power granted by the state to the local community." State ex rel. Casey's General Stores, Inc. v.Downing, 757 S.W.2d 1, 2 (Mo.App. 1988). Any municipal ordinance regulating the subject of intoxicating beverages and non-intoxicating beer must be in harmony with the state law on those subjects, and are invalid to the extent that they conflict with the state law. Mid-State Distributing Company v. City ofColumbia, 617 S.W.2d 419, 430 (Mo.App. 1981); Passler v.Johnson, 304 S.W.2d 903, 907 (Mo. 1957).
As to the matter of a municipality taxing liquor establishments, the Missouri Supreme Court has concluded that imposition of such a tax is beyond the powers of a municipality. See John Bardenheier Wine Liquor Co. v. Cityof St. Louis, 135 S.W.2d 345, 348 (Mo. banc 1939); AllstateDistributors, Inc. v. Norfleet, 750 S.W.2d 73 (Mo. banc 1988). In Allstate, the Court opined:
 Clearly, the state preempted the regulation and taxation of liquor when it granted to municipalities and counties by § 311.220
only the power to issue a business license in the amount therein limited and to make regulations not inconsistent with the provisions of the Liquor Control Law. In all of our statutes there is not a more exhaustive and all comprehensive regulatory act.
Id., 750 S.W.2d at 76.
CONCLUSION
It is the opinion of this office that: 1) the City of Lakeview, a fourth class city of less than five hundred inhabitants, pursuant to Section 311.090, RSMo 1986, can hold an election on the question of whether the sale of intoxicating liquor, with certain exceptions, by the drink at retail for consumption on the premises where sold shall be permitted, 2) can regulate the sale of intoxicating liquor provided the regulations are in harmony with state law and 3) is not authorized to tax intoxicating liquor except as provided in Section 311.220, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 99, McCubbin, 1968