THOMAS B. VEST v. KANSAS CITY, MISSOURI, a Municipal Corporation, L. M. DIXON, and DR. HUGH L. DWYER, Appellants.—No. 39513. —194 S. W. (2d) ·38.

Division One, April 30, 1946.

*William E. Kemp,* City Counselor, and *Benjamin M. Powers,* Assistant City Counselor, for appellants.

*J. K. Owens* for respondent.

DOUGLAS, J.—The plaintiff is a barber. He sues to enjoin the enforcement of an ordinance of Kansas City providing for the physical examination of barbers and for the inspection of barber shops on the ground the ordinance conflicts with similar provisions of the State statute which regulates barbering.

Barbering has long been regarded as an occupation properly subject to regulation for the protection of the public health. Ex parte Lucas, 160 Mo. 218, 61 S. W. 218. Such regulation has been exercised both by the State and by municipalities. Cities of the first, second, and third classes are expressly authorized by statute to do so. See Sections 6293, 6609, 6986, R. S. 1939. Kansas City is empowered to regulate barbering by its charter.

The statute regulating barbering does not attempt to assert sole control over the subject matter. It does not exclude the concurrent power of municipalities authorized to regulate such occupa-

tion. But a city ordinance being subordinate to a State law is void if it conflicts with the State law. The State law is paramount. The ordinance must conform. This principle is now embodied in our statutes in Section 7442, R. S. 1939.

There is nothing in the constitution or laws of the State which prohibits a city council from enacting supplemental ordinances in addition to State laws. City of St. Louis v. Klausmeier, 213 Mo. 119, 112 S. W. 516. The fact that a state has enacted regulations governing an occupation does not of itself prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, both the statute and ordinance will stand. "As a general rule, additional regulation to that of the state law does not constitute a conflict therewith. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescriptions." 43 C. J. Mun. Corps., sec. 220(b).

In this case plaintiff makes two claims of conflict between the ordinance and the statute. The first claim is based on the requirement for physical examination. The statute, Section 10128, R. S. 1939, requires each barber to whom a certificate of registration is issued to be examined at least once a year and as often thereafter as the Board of Barber Examiners may deem necessary, by a licensed physician designated by the State Board of Health. The purpose of the examination is to enforce the requirements that a barber must be free from contagious or infectious diseases. Ordinance 6628 of Kansas City requires a barber to be examined at least once every six months by the Director of Health. Such requirement of the ordinance does not in any way conflict with the statute, it merely supplements it by imposing requirements for additional physical examination. The purpose of the additional examination is to enforce the same standard exacted by the statute, namely that a barber to practice his trade must be free of contagious or infectious diseases. The ordinance does not attempt to impose a new or different standard. It does not permit what the statute prohibits, nor does it prohibit what the statute permits. The ordinance is not inconsistent with the statute. Both may stand in harmony. Accordingly we hold such requirement of the ordinance is valid.

The second claim of conflict is aimed at the requirement for the inspection of barber shops and the fees charged for them.

The statute, Section 10128, R. S. 1939, provides that the Board of Barber Examiners "shall, with the approval of the State Board of Health, prescribe such sanitary rules as it may deem necessary, with particular reference to the precautions necessary to be employed to prevent the creating and spreading of infectious or contagious dis-

eases. A copy of such rules shall be posted in a conspicuous place in every barber shop.''

Ordinance 6828 of Kansas City makes specific sanitation requirements and provides for their enforcement through the inspection of barber shops by the Health Department. No conflict between the statute and ordinance has been pointed out nor do we find any. The city may properly make sanitation requirements which supplement those of the Board of Health and may provide for their enforcement by inspection. No conflict being shown, such part of the ordinance must be held valid.

The trial court erred in holding the ordinance void. Therefore, the judgment is reversed and the cause remanded with directions to the trial court to enter a new judgment dismissing plaintiff's petition. All concur.