STATE ex rel. Leo P. BURNAU, Jr., and Harvey Leroy Luck, Plaintiffs-Appellants,

v.

VALLEY PARK FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, Defendant-Respondent.

No. 34326.

Missouri Court of Appeals, St. Louis District.

Feb. 23, 1972.

Hanks & Bornschein, Claude Hanks, Clayton, for plaintiffs-appellants.

Paul Taub, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

On complaint of the District that plaintiffs had violated its ordinance prohibiting the sale of fireworks within its boundaries, plaintiffs were arrested by the county police and were told the arrests would continue if they persisted in the operation of their business of selling fireworks. Plaintiffs thereupon filed this action asking, in Count I, that the defendant District be restrained and enjoined from interfering with the display and sale of their fireworks, and in Count II for damages they claimed to have sustained during the four day suspension of the operation of their business. Plaintiffs were granted a restraining order by one judge, a temporary injunction by another, but after the hearing on a permanent injunction the third rendered a judgment dismissing plaintiffs' petition, declaring the District's ordinance valid, and enjoining plaintiffs from violating the ordinance, as defendant had prayed. Plaintiffs appealed to the Supreme Court, which held that it lacked ju-

risdiction and, on defendant's motion, transferred the case to this court.

■ The primary question for our determination is whether the ordinance of the defendant District, which prohibits the sale of all fireworks within the boundaries of the District, is in conflict with Section 320.120, subd. 1, RSMo 1969, V.A.M.S. The pertinent part of that statute provides:

"1. The sale, use, manufacture, and possession of the following classes of fireworks is hereby approved within the state of Missouri, * * *: All fireworks that are now or may hereafter be classified as 'Common Fireworks' by the Interstate Commerce Commission, and are labeled with the Interstate Commerce Commission Class C label may be sold in this state as provided in sections 320.110 to 320.190."

It was undisputed that all of the fireworks offered for sale and sold by the plaintiffs were Class C fireworks. In addition to the foregoing statute plaintiffs also based their right to sell such fireworks on a permit to do so issued to them by the Village of Peerless Park. The Village lies within the boundaries of the defendant District.

■ The District cites Section 321.220 as granting it the power and authority to prohibit the display and sale of all fireworks within the boundaries of the District, including Class C fireworks. The pertinent part of that section upon which the District relies provides:

"For the purpose of providing fire protection to the property within the district, the district and, on its behalf, the board shall have the following powers, authority and privileges:

*　　*　　*　　*　　*　　*

"(12) To adopt and amend bylaws, fire protection and fire prevention ordinances, and any other rules and regulations not in conflict with the constitution and laws of this state, * * *."

As to the permit issued to plaintiffs by the Village of Peerless Park the District main-

tains that the Village had no legislative authority to adopt its ordinance permitting the sale of fireworks, and that even if it did have the ordinance of the Village was superseded by the prohibitory ordinance of the District. If the defendant District's ordinance is in conflict with Section 320.120 then, of course, we need not concern ourselves with the validity of the ordinance of the Village. For it has long been held by our appellate courts that an ordinance which is inconsistent with a state law upon the subject is void. State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S.W.2d 1030; Ex parte Packman, 317 Mo. 732, 296 S.W. 366; Brotherhood of Stationary Engineers v. City of St. Louis, Mo.App., 212 S.W.2d 454. That principle of law was recognized by the legislature in the same portion of Section 321.220(12) upon which the defendant District relies as its authority for the enactment of its ordinance. For it will be noted that while that portion of the section authorizes and empowers a fire protection district to adopt fire protection and fire prevention ordinances, the General Assembly expressly limited the enactment of such ordinances to those which are not " * * * in conflict with the * * * laws of this state, * * *."

■ We recognize that the mere fact that the legislature has enacted a general law on a subject does not necessarily mean that a municipality or other authority may not adopt an ordinance touching upon the same subject. For an ordinance which supplements and is in harmony with a state law is valid. Thus in Vest v. Kansas City, 335 Mo. 1, 194 S.W.2d 38, the state law required a licensed barber to undergo a physical examination by the health authorities at least once a year. The City enacted an ordinance requiring such a barber to undergo an examination at least once every six months. It was held that the ordinance supplemented the statute and was not in conflict with it, and was therefore valid. The same principle was applied in A B C Liquidators, Inc. v. Kansas City, Mo., 322 S.W.2d 876, cited by defendant. There a statute prohibited every person from ex-

posing goods, wares and merchandise for sale on Sunday. Kansas City adopted an ordinance providing that no person might hold a public auction on Sunday. The ordinance was attacked on a number of grounds, including that of inconsistency with the statute. As to that feature of the case the Supreme Court said (l.c. 881):

> " * * * In so far as the Sunday feature of the ordinance in question is concerned it is consistent with the state statute referred to. Further, Section 19, Article VI of the Constitution of Missouri 1945, V.A.M.S., provides that 'any city having more than 10,000 inhabitants may frame and adopt a charter for its own government, *consistent with and subject to the constitution and laws of the state * * *.'* (Italics ours.) Kansas City has adopted a special charter and the ordinance here was adopted thereunder. As stated, we find no conflict between the ordinance and the state law or state constitution on the Sunday feature of the ordinance. The ordinance supplements the state law and is not in conflict with it. * * * "

In the absence of any conflicting statute there can be no doubt regarding the authority of the District to adopt the ordinance in question as a fire protection and fire prevention ordinance. In fact, for the purpose of shortening the taking of testimony and of resolving the case to the legal issue presented the plaintiffs conceded that fireworks may cause a fire and therefore may be a fire hazard, and that the directors of the District were of the belief that it was necessary to bar the sale of all fireworks as a means of fire prevention. But however laudable may be such efforts of the District the stark reality of the situation is that there *is* a general law on the subject of the sale of Class C fireworks. And the general law specifically and expressly approves and authorizes the sale of Class C fireworks throughout the state. In effect, the District by its ordinance has attempted to prohibit precisely what the legislature has explicitly said may be done. We have been cited to no Missouri case where that has been permitted, nor has our own research disclosed one. Under the foregoing circumstances we can logically reach no other conclusion than that the ordinance of the District is in direct conflict with Section 320.120, and that it is therefore void.

Our conclusion in that respect is supported by the fact that by § 320.180 the legislature authorized cities and counties under charter form of government " * * * to regulate and prohibit fireworks within their corporate limits." No corresponding authority to regulate and prohibit fireworks is given to fire protection districts. Had the General Assembly desired to give fire protection districts such authority it could readily have done so, for the act regulating fireworks was adopted in 1957, after the enactment in 1947 of the present act for the creation of such districts.

While each of the parties originally sought to have the other permanently enjoined, it is readily apparent from counsel's discussions of record in the trial court, as well as from the briefs filed in this court, that the primary issue which the parties sought to have resolved was that of the validity of the District's ordinance. In fact, for all practical purposes the case devolved into an action for a declaratory judgment. That issue having been determined, on the premise that the defendant District will abide by our decision we are of the opinion that it is neither necessary nor reasonable at this late date to grant plaintiffs a permanent injunction against the defendant. And inasmuch as the plaintiffs in their briefs confined themselves solely to the question as to the validity of the ordinance and did not, in either their points relied on or in their argument, assert that the court had erred in dismissing their claim for damages alleged in Count II of their petition, we regard their claim as having been abandoned. Ramacciotti v. Joe Simpkins, Inc., Mo., 427 S.W.2d 425; Hastings v. Coppage, Mo., 411 S.W.2d 232; Civil Rule 83.05(a) (3) and (e), V.A.M.R.

Accordingly, that part of the judgment dismissing Count II of plaintiffs' petition is affirmed. That part of the judgment dismissing Count I of plaintiffs' petition, declaring the District's ordinance valid, and enjoining plaintiffs from any violation thereof, is reversed and the cause is remanded with directions to enter a judgment and decree declaring the District's ordinance invalid and void. All costs to be assessed and apportioned equally between the plaintiffs and the defendant District.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, that part of judgment dismissing Count II of plaintiffs' petition is affirmed. That part of judgment dismissing Count I of plaintiffs' petition declaring District's ordinance valid, and enjoining plaintiffs from any violation thereof, is reversed and cause remanded with directions to enter judgment and decree declaring District's ordinance invalid and void. All costs to be assessed and apportioned equally between the plaintiffs and defendant District.

BRADY, C. J., and DOWD, SMITH, SIMEONE and WEIER, JJ., concur.