**PAGE WESTERN, INC., et al., Plaintiffs,**

**and**

**Ben Thomas d/b/a Tom's Rock Road Standard and Shell Oil Company, Intervenors-Plaintiffs-Appellants,**

**v.**

**COMMUNITY FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, Defendant-Respondent.**

**No. 63199.**

Supreme Court of Missouri, En Banc.

Aug. 2, 1982.

David Wells, Don H. Ball, Thomas & Mitchell, St. Louis, Gerald R. Ortbals, Ziercher, Hocker, Tzinberg Human & Michenfelder, Clayton, for intervenors-plaintiffs-appellants.

Theodore Ponfil, Blumenfeld, Mark & Tureen, P. C., St. Louis, for defendant-respondent.

HIGGINS, Judge.

Plaintiffs filed suit against defendant Community Fire Protection District seeking a declaratory judgment that an ordinance of the district prohibiting the sale of gasoline at a self-service filling station is illegal and void. They further sought to restrain

the defendant district from enforcing the ordinance and interfering with plaintiffs' businesses. Intervention as plaintiffs was sought by appellants and by the time the case was ready for trial, the original plaintiffs had dismissed the suit as to their cause of action. After the trial court entered judgment favoring defendant fire district, intervenors-plaintiffs Shell Oil Company and Ben Thomas d/b/a Tom's Rock Road Standard, appealed, and the Court of Appeals, Eastern District, affirmed the judgment of the trial court. This Court granted transfer. In argument before this Court the appellants argue the ordinance is void as conflicting with state law regulating the safety requirement for self-service stations. Reversed.

During oral argument before this Court, the question was raised whether the state has preempted the regulation of safety requirements for gasoline dispensation. Both sides have briefed the point by memorandum submitted after oral argument. The issue may be divided into two questions: 1) Has the Missouri General Assembly expressly preempted the area?; and 2) Is the ordinance in conflict with state law?

As to the first question, Chapter 414 concerns "Inspection of Oils" and the first section provides:

414.010.—*State only to regulate standards of oils and motor fuel.* The state of Missouri hereby preempts the field of regulating the inspection of and providing specifications for oils, gasoline or motor fuels, and it shall be unlawful for any city, town or village to impose by ordinance or regulation any restrictions or regulations or directions with respect to the color, grade, quality or specifications of any oils, gasoline, motor fuel or kerosene, or any product of petroleum offered for sale within this state.

The express preemptive effect of this section does not extend to anything other than "the color, grade, quality or specifications" of the liquids listed therein. Had the legislature intended to also preempt the means or methods of distributing and dispensing, it would have so stated. No other section

expressly concerns preemption of any other aspect of this area.

As to the second question, § 321.220, RSMo 1978 provides:

*Powers of board.*—For the purpose of providing fire protection to the property within the district, the district and, on its behalf, the board shall have the following powers, authority and privileges:

\*    \*    \*    \*    \*    \*

(12) To adopt and amend bylaws, fire protection and fire prevention ordinances, and any other rules and regulations not in conflict with the constitution and laws of this state, necessary for the carrying on of the business, objects and affairs of the board and of the district, and refer to the proper authorities for prosecution any infraction thereof detrimental to the district.

*Id.,* see also § 321.220, RSMo Supp.1981. The defendant district passed ordinance 72–1 which states:

Be It Ordained by the Board of Directors of Community Fire Protection District of St. Louis County as follows:

1) It shall be unlawful to install any gasoline pumps or other mechanical equipment which are designed to permit self-service of motor vehicles by customers for the transmission of gasoline to automobiles.

2) No gasoline shall be transmitted to an automobile except by the owner, operator, or an employee of the owner of a service station.

3) Any person violating the provisions of this ordinance shall be fined in an amount not less than Twenty-five Dollars ($25.00) nor more than Five Hundred Dollars ($500.00).

This ordinance is valid only if as required by § 321.220, RSMo 1978, it is not in conflict with state law.

Under § 414.070, RSMo 1978, the director of agriculture is charged with the duty "to examine the surroundings, environments and construction of said premises and see the same are kept in such condition as to be reasonably safe from fire and explosion,

and not likely to cause injury to adjoining property or to the traveling public." The director is also authorized to "make such rules and regulations as shall effectuate the purpose of this Chapter." § 414.110, RSMo 1978; *see also* § 414.110 RSMo Supp.1981. Pursuant to this rule making authority, the Department of Agriculture, Division of Weights and Measures, issued regulations on service station dispensing systems. Subsections 16 and 17 of the regulations provide:

(16) If the dispensing of Class I liquids at a service station available and open to the public is to be done by a person other than the service station attendant, the nozzle shall be a listed automatic-closing type without a hold-open latch.

(17) Approved special dispensing devices such as, but not limited to, coin-operated, card-operated, and remote present types are permitted at service stations, provided there is at least one qualified attendant on duty while the station is open to the public. The attendant's primary function shall be to supervise, observe and control the dispensing of Class I liquids while said liquids are being dispensed. It shall be the responsibility of the attendant to prevent the dispensing of Class I liquids into portable containers not in compliance with 2 CSR 90–31.-010(15), control sources of ignition, and to immediately handle accidental spills and fire extinguishers if needed.

2 CSR 90–31.030.

■ An ordinance may supplement a state law, *Vest v. Kansas City*, 355 Mo. 1, 194 S.W.2d 38, 39 (1946), but when the expressed or implied provisions of each are inconsistent and in irreconcilable conflict, then the statute annuls the ordinance. *City of St. Louis v. Klausmeier*, 213 Mo. 119, 112 S.W. 516, 518–519 (banc 1908). The test for determining if a conflict exists is whether the ordinance "permits what the statute prohibits" or "prohibits what the statute permits." *Vest v. Kansas City*, 194 S.W.2d at 39; *State ex rel. Hewlett v. Womach*, 355 Mo. 486, 196 S.W.2d 809, 812 (banc 1946). Section 321.220(12), RSMo 1978, expressly

recognizes these established principles when it authorizes enactment only of "ordinances . . . not in conflict with the . . . laws of this state." *Id.; State ex rel. Burnau v. Valley Park Fire Protection District*, 477 S.W.2d 734, 735 (Mo.App.1972). Thus if the ordinance is in conflict with state law it is enacted without the authority granted in § 321.220(12), RSMo 1978, and is *Ultra Vires.*

■ The aforementioned state regulations clearly permit a variety of self-service gasoline dispensing equipment. Subsection 1 of the ordinance prohibits the use of the very equipment which the regulation permits. Subsection 2 of the ordinance prohibits the transmission of gasoline by the public by providing that only the service station attendants may do so. This is contrary to rule 17 which authorizes coin-operated, or card-operated dispensing devices and the presence of only one attendant whose duty it is to supervise. To hold otherwise would be to say that although the installation of equipment designed for use by the public cannot be prohibited by ordinance, the public may be prohibited from using the installed equipment. Such a holding would mean that although only one attendant need be present, an ordinance may require the attendant to take the coins from the customer, put them in the machine, and then operate the pump. Such an interpretation is contrary to the duties required of attendants under rule 17, as well as impractical and unrealistic. The state regulations cannot be stretched in this way to avoid conflict with subsection 2 of the ordinance. The ordinance is thereby in conflict with state law and void as enacted beyond the authority of § 321.220, RSMo 1978. *Crackerneck Country Club, Inc. v. City of Independence*, 522 S.W.2d 50 (Mo.App.1974); *State ex rel. Burnau v. Valley Park Fire Protection District, supra.*

■ Respondent district argues that the state legislature clearly refrained from totally "preempting" the regulation of dispensation of gasoline, citing § 414.010, RSMo 1978, and although the director has promulgated regulations pursuant to § 414.100,

RSMo 1978, setting forth what will pass the safety inspections mandated by § 414.070, RSMo 1978, these rules are not contradicted but merely augmented by the ordinance. It is also argued that augmentation by ordinances which further regulate the matter covered by state law is permissible. The latter statement is correct. "[T]hat an ordinance enlarges upon the provision of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirements for all cases to its own prescriptions." *State ex rel. Hewlett v. Womach, supra; Vest v. City of Kansas City, supra; see Nickols v. North Kansas City,* 358 Mo. 402, 214 S.W.2d 710 (1948); *City of Maryville v. Wood,* 358 Mo. 584, 216 S.W.2d 75 (1948); *City of Flat River,* 212 S.W.2d 462 (Mo.App.1948); *State ex rel. Kemerling v. Peterson,* 240 Mo.App. 700, 214 S.W.2d 739 (1948). The present ordinance, however, involves more than additional requirements. The ordinance attempts to prohibit precisely what state regulation permits.

Respondent also asserts that because departmental regulations are not the equivalent of statutory laws any conflict between the regulation and ordinance is not controlled by the aforementioned principles.

■ Section 536.010(4), RSMo 1978 defines "rule" as "each agency statement of general applicability that implements, interprets, or prescribes law or policy . . ." The rules promulgated by the agriculture department in this case are within this definition and as such each "prescribes law." Rules duly promulgated pursuant to properly delegated authority have the force and effect of law. 73 C.J.S., Public Administrative Bodies and Procedure § 108; *see State ex rel. State Highway Commission v. City of St. Louis,* 575 S.W.2d 712, 718 (Mo.App. 1978). Respondent does not contest the authority of the agriculture department to promulgate the rules involved. Respondent's distinction between statutes and regulations is not persuasive in this case.

Because the foregoing determination fully resolves this case, no other issue need be addressed. The ordinance is void and unenforceable.

The judgment is reversed.

All concur.