David Paul STRODE, Respondent,

v.

Paul S. McNEILL, Jr., Director of
Revenue, State of Missouri,
Appellant.

No. WD 37586.

Missouri Court of Appeals,
Western District.

May 20, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 26, 1986.

Richard L. Weiler, Asst. Atty. Gen., Jefferson City, for appellant.

Robert C. Welch, Independence, for respondent.

Before KENNEDY, P.J., BERREY, J., and ROPER, Special Judge.

BERREY, Judge.

This is an appeal by the Director of Revenue from the order of the circuit court reversing the administrative suspension of respondent's driver's license pursuant to §§ 302.500–302.540 RSMo Supp.1984.[1] This court reverses.

On April 7, 1985, at approximately 2:00 a.m., Officer Charles Harris was dispatched to a one-car accident at 9th and

_____

1. All statutory references are to RSMo Supp. 1984.

Forest in Independence, Missouri. Upon his arrival, Officer Harris found a heavily damaged Pontiac TransAm and the respondent who displayed characteristics of being intoxicated. Officer Harris arrested the respondent for a violation of an Independence City ordinance § 18.222.[2] Upon the administering of the breathalyzer test at 3:12 a.m., the respondent's blood alcohol content registered seventeen hundredths (.17) of one percent. Respondent's license was suspended for thirty (30) days followed by a sixty (60) day restriction pursuant to §§ 302.500 and 302.510, and the department affirmed its decision upon administrative review.

At a trial do novo, the trial judge found the respondent's driving privileges should be reinstated because the Independence ordinance § 18.222 does not provide the same restriction on arrests made pursuant to a state statute prohibiting the same conduct. Section 577.039 provides that any arrests made pursuant to §§ 577.010 and 577.012, Driving while intoxicated and Driving with excessive blood alcohol content must be "made within one and one-half hours after such claimed violation occurred." The Independence ordinance under which respondent was arrested does not contain this protective mechanism. For this reason the trial court found the arrest was invalid and the basis for the suspension and restriction of the driving privilege no longer existed.

This court does not need to decide whether the municipal ordinance violates the standard set by the state statute, *see Page Western v. Community Fire Protection District*, 636 S.W.2d 65, 67 (Mo. banc 1982), because this case involves the revocation and suspension of a driver's license which is a civil proceeding and the requirements for a violation of this civil statue differ from those in a criminal setting. *Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601, 602 (Mo.App.1978).

The basis required to support the Department of Revenue's decision to suspend and/or revoke is set forth in § 302.-505. The Supreme Court recently reiterated its position concerning those requirements in *Stewart v. Director of Revenue*, 702 S.W.2d 472 (Mo. banc 1986). The court stated, "Section 302.505.1 requires the State to establish: (1) that the arresting officer had probable cause to effect the initial arrest (i.e., probable cause to believe that a violation of § 577.010 or § 577.012 occurred based upon the particular facts and circumstances); and (2) that chemical analysis revealed that the arrestee had a BAC of thirteen hundredths (.13) of one percent or more."

In the instant case the record reveals Officer Harris had probable cause to believe respondent was in violation of drunk driving laws, whether state or municipal. Officer Harris found "his balance was wobbly, his walking was stumbling, and his turning was swaying." He smelled of alcohol about his person. Respondent failed the finger-to-nose test on both his right and left sides.

It appears the disposition of the criminal charges do not affect the outcome of this civil proceeding. § 302.505.3. Each action is independent of the other. *Tolen v. Missouri Department of Revenue, supra*, at 602. In this civil proceeding, the two requirements per § 302.500 for suspension and/or revocation are satisfied.

Therefore, the judgment is reversed and the cause remanded for the trial court to reinstate the suspension and restriction of respondent's driver's license entered by the director.

All concur.

---

2. Section 18.222(A) states, "No person who is under the influence of intoxicating liquor shall drive or be in actual control of any vehicle or railroad train." Section 18.223(A) notes that, "it is unlawful for any person to operate a motor vehicle within this city when the person has ten one-hundredths of one (0.10) per cent or more weight of alcohol in his or her blood."