The Honorable Thomas P. Stoff Representative, District 64 State Capitol Building, Room 300A Jefferson City, Missouri 65101
Dear Representative Stoff:
This opinion letter is in response to your questions asking:
 A. Are volunteer, appointed Commissioners of the Missouri History Museum Subdistrict subject to the requirement to file financial disclosure statements pursuant to Section 105.483
as amended pursuant to Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 262 enacted by the 86th General Assembly?
 B. If the Commissioners are subject to the requirement to file financial disclosure statements, may they file such statements pursuant to Section 105.485.4, assuming the subdistrict has truly adopted and filed a resolution establishing its own method of disclosing potential conflicts?
The Missouri History Museum Subdistrict was created pursuant to Section 184.353.3, RSMo, and is defined by Section184.352(8), RSMo Supp. 1991, as ". . . a political subdistrict which shall provide for the collection, preservation, and exhibition of items relating to the history of the entire state of Missouri and of the Louisiana Purchase Territory. . . ."
The Missouri History Museum Subdistrict is governed by a commission of ten members who serve without compensation. Section 184.358.2, RSMo Supp. 1991. Five commissioners are appointed by the chief executive officer of the City of St. Louis and five are appointed by the chief executive officer of St. Louis County, subject to the advice and consent of the respective legislative bodies of the city or county. Id. From information you have supplied, we understand that the Missouri History Museum Subdistrict has one employee, an internal accountant who serves on a part-time basis. We further assume that the subdistrict does not enter into or approve contracts for the expenditure of state funds.
Section 184.360, RSMo Supp. 1991, establishes the powers and duties of the Missouri History Museum Subdistrict.
 184.360. Subdistrict's powers — duties. — 1. Each respective subdistrict is hereby empowered to own, hold, control, lease, acquire by donation, gift or bequest, purchase, contract, lease, sell, any and all rights in land, buildings, improvements, furnishings, displays, exhibits and programs and any and all other real, personal or mixed property, or to contract with other persons to provide for any and all services for the purposes of the subdistrict.
* * *
 5. Upon the creation of a Missouri history museum subdistrict as provided for in section 184.353, all buildings, property, and facilities which are wholly publicly owned and which are then in the care and custody of the Missouri history museum subdistrict, or of any person providing Missouri history services to the Missouri history museum subdistrict by contract, shall become the property of and vest in the Missouri history museum subdistrict on the date such subdistrict shall be established as provided in section 184.353. Any obligations, duties, rights, privileges of whatever description pertaining to or relating to the maintenance, operation, construction, design, or affairs of such buildings, property, and facilities shall be assumed by the Missouri history museum subdistrict.
* * *
Section 105.483, RSMo, was enacted by Senate Committee Substitute for House Committee Substitute for House Bills Nos. 1650 and 1565, 85th General Assembly, Second Regular Session (1990), and amended by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 262, 86th General Assembly, First Regular Session (1991). Section 105.483, RSMo Supp. 1991, now provides:
 105.483. Financial interest statements — who shall file. — Each of the following persons shall be required to file a financial interest statement:
 (1) Associate circuit judges, circuit court judges, judges of the courts of appeals and of the supreme court, and candidates for any such office;
 (2) Persons holding an elective office of the state, whether by election or appointment, and candidates for elective office;
 (3) The principal administrative or deputy officers or assistants serving the governor, lieutenant governor, secretary of state, state treasurer, state auditor and attorney general, which officers shall be designated by the respective elected state official;
 (4) The members of each board or commission and the chief executive officer of each public entity created pursuant to the constitution or interstate compact or agreement and the members of each board of regents or curators and the chancellor or president of each state institution of higher education;
 (5) The director and each assistant deputy director and the general counsel and the chief purchasing officer of each department, division and agency of state government;
 (6) Any official or employee of the state authorized by law to promulgate rules and regulations or authorized by law to vote on the adoption of rules and regulations;
 (7) Any member of a board or commission created by interstate compact or agreement, including the executive director and any Missouri resident who is a member of the bi-state development agency created pursuant to sections 70.370 to 70.440, RSMo;
 (8) Any board member of a metropolitan sewer district authorized under section 30(a) of article VI of the state constitution;
 (9) Any member of a commission appointed or operating pursuant to sections 64.650 to 64.950, RSMo, 67.650 to 67.658, RSMo, or 70.840 to 70.859, RSMo;
 (10) The members, the chief executive officer and the chief purchasing officer of each board or commission which enters into or approves contracts for the expenditure of state funds;
 (11) Each elected official, the chief administrative officer, the chief purchasing officer and the general counsel, if employed full time, of each political subdivision with an annual operating budget in excess of one million dollars, and each official or employee of a political subdivision who is authorized by the governing body of the political subdivision to promulgate rules and regulations with the force of law or to vote on the adoption of rules and regulations with the force of law; unless the political subdivision adopts an ordinance, order or resolution pursuant to subsection 4 of section 105.485;
 (12) Any person identified as a decision-making public servant pursuant to subdivision (6) of section 105.450.
Section 105.450, RSMo Supp. 1991, provides in part:
 105.450. Definitions. — As used in sections 105.450 to 105.498 and sections 105.955 to 105.963, unless the context clearly requires otherwise, the following terms mean:
* * *
 (6) "Decision-making public servant", an official, appointee or employee of the offices or entities delineated in paragraphs (a) to (i) of this subdivision who exercises supervisory authority over the negotiation of contracts, or has the legal authority to adopt or vote on the adoption of rules and regulations with the force of law or exercises primary supervisory responsibility over purchasing decisions and is designated by one of the following officials or entities as a decision-making public servant:
 (a) The governing body of the political subdivision with a general operating budget in excess of one million dollars;
(b) A state commission or board;
 (c) A department, division, or agency director;
 (d) A judge vested with judicial power by article V of the Constitution of the State of Missouri;
 (e) Any commission empowered by interstate compact;
(f) A statewide elected official;
 (g) The speaker of the house of representatives;
 (h) The president pro tem of the senate;
 (i) A board of regents or board of curators of a state institution of higher education;
* * *
Your first question requires a determination of whether the commissioners of the Missouri History Museum Subdistrict are included among any of the persons listed in Section 105.483. In construing the provisions of this statute, legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. Metro Auto Auction v.Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986).
Section 105.483 lists twelve categories of persons who are required to file a financial interest statement. Based on the plain meaning of the language used, the commissioners of the Missouri History Museum Subdistrict do not appear to fit within the first ten categories.
The first part of Section 105.483(11) requires filing by "[e]ach elected official, the chief administrative officer, the chief purchasing officer and the general counsel, if employed full time, of each political subdivision with an annual operating budget in excess of one million dollars. . . ." Section 105.450(8) defines the term "political subdivision" for purposes of Sections 105.450 to 105.498 and Sections 105.955 to105.963 to include "any political subdivision of the state, and any special district or subdistrict." Therefore, the Missouri History Museum Subdistrict is a political subdivision for purposes of Section 105.483. You have provided information that the Missouri History Museum Subdistrict has an annual operating budget in excess of one million dollars. However, the subdistrict has no elected officials. You indicate the subdistrict functions without a chief administrative officer, chief purchasing officer or full time general counsel. Therefore, the Missouri History Museum Subdistrict does not meet the initial criteria in Section 105.483(11).
However, Section 105.483(11) also requires a financial interest statement be filed by "each official or employee of a political subdivision who is authorized by the governing body of the political subdivision to promulgate rules and regulations with the force of law or to vote on the adoption of rules and regulations with the force of law;. . . ." Section 184.362, RSMo 1986, provides the following rulemaking authority to the Missouri History Museum Subdistrict:
 184.362. Facilities to be free, commission rules and regulations, employee benefits. — The use and enjoyment of such institutions and places, museums and parks of any and all of the subdistricts established under sections 184.350 to 184.384 shall be forever free and open to the public at such times as may be provided by the reasonable rules and regulations adopted by the respective commissions in order to render the use of the said subdistrict's facilities of the greatest benefit and efficiently to the greatest number. The respective commissions may exclude from the use of the said facilities any and all persons who willfully violate such rules. . . . [Emphasis added.]
Missouri courts have long recognized that "[r]ules duly promulgated pursuant to properly delegated authority have the force and effect of law." Page Western, Inc. v. Community FireProtection District of St. Louis County, 636 S.W.2d 65, 68 (Mo. banc 1982). A rule usually has the force of law
 where it is addressed to, and is reasonably adapted to, the enforcement of a legislative enactment, the administration of which is confided to the agency making it, where it has a relational basis in legislative, statutory authority, or there is a nexus between the regulation and some delegation of requisite legislative authority, . . . .
73 C.J.S. Public Administrative Law and Procedure § 97, pp. 627-628. We conclude the commissioners of the Missouri History Museum Subdistrict are authorized to promulgate rules and regulations with the force of law and, therefore, are subject to filing a financial interest statement pursuant to Section105.483(11).
Section 105.483(12) requires filing of a financial interest statement by "[a]ny person identified as a decision-making public servant" pursuant to Section 105.450(6). Pursuant to Section 105.450(6) a person is a "decision-making public servant" if he (1) is "an official, appointee or employee of the offices or entities delineated in paragraphs (a) to (i)" of subdivision 6 who (2) "exercises supervisory authority over the negotiation of contracts, or has the legal authority to adopt or vote on the adoption of rules and regulations with the force of law or exercises primary supervisory responsibility over purchasing decisions" (3) "and is designated by one of the [officials or entities listed in paragraphs (a) to (i)] as a decision-making public servant". In order for filing to be required under Section 105.483(12), all three of the criteria set forth above must be met. Based on the information you have provided, there is no indication that the commissioners have designated themselves as "decision-making public servants" and we assume they have not. Therefore, since the third criteria set forth above is not met, the commissioners are not required by Section 105.483(12) to file a financial interest statement.
Having concluded that the commissioners are subject to file a financial interest statement pursuant to Section 105.483(11), it is necessary to address your second question asking if they may file such statements pursuant to Section 105.485.4. Section105.485.4, RSMo Supp. 1991, provides in part:
 4. Each official, officer, or employee or candidate of any political subdivision described in subdivision (11) of section 105.483 shall be required to file financial interest statement as required by subsection 2 of this section, unless the political subdivision adopts an ordinance, order or resolution at an open meeting by September fifteenth of the preceding year, which establishes and makes public its own method of disclosing potential conflicts of interest and substantial interests and therefore excludes the political subdivision or district and its officers and employees from the requirements of subsection 2 of this section. . . .
The "local option" provision of Section 105.485.4 expressly applies to individuals described in Section 105.483(11). Because the commissioners of the Missouri History Museum Subdistrict are subject to the filing requirements of Section105.483(11), they are eligible to file a financial interest statement pursuant to Section 105.485.4 provided the subdistrict adopted an ordinance, order or resolution prior to September 15, 1991, establishing "its own method of disclosing potential conflicts of interest and substantial interests."
Very truly yours,
 WILLIAM L. WEBSTER Attorney General