The Honorable John Schneider State Senator, District 14 State Capitol Building, Room 422 Jefferson City, MO 65101
Dear Senator Schneider:
This opinion is in response to your question asking:
 Does the Clean Indoor Air Act (Sections 191.765, et seq.) preempt more stringent regulation of smoking by fourth class cities?
As you have noted, the Clean Indoor Air Act, §§ 191.765
through 191.777, RSMo 1994, regulates smoking in public places. Only one section of the Act directly addresses the issue of preemption. That section, § 191.777, RSMo 1994, provides:
 Nothing in sections 191.775 and 191.776 shall prohibit local political subdivisions or local boards of education from enacting more stringent ordinances or rules.
The primary rule of statutory construction is to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute. ConagraPoultry Co. v. Director of Revenue, 862 S.W.2d 915, 917 (Mo. banc 1993) (citing Jones v. Director of Revenue, 832 S.W.2d 516, 517
(Mo. banc 1992)). Here, it is clear from the language of §191.777 that §§ 191.775 and 191.777 do not prohibit a fourth-class city from enacting ordinances that are more stringent than state laws. However, to answer your question completely, we must also determine whether any of the remaining sections of the Act prohibit fourth-class cities from enacting more stringent smoking ordinances.
Because you included no specific ordinance in your opinion request, we are not in a position to opine as to whether a particular ordinance conflicts with provisions of the Act. In addition, it is the standard policy of this office not to opine on the validity of a local ordinance. However, we will provide some guidelines to resolve the question of whether an ordinance will conflict with state laws.
Generally, a municipal ordinance must be in harmony with the general laws of the state and is void if in conflict. Morrowv. City of Kansas City, 788 S.W.2d 278, 281 (Mo. banc 1990). To be in harmony with state law, the powers granted a municipality must be exercised in a manner not contrary to the public policy of the state, and any provisions in conflict with prior or subsequent state statutes must yield. Id. To determine whether an ordinance conflicts with general laws, it is necessary first to determine whether the ordinance permits that which the statute prohibits and vice-versa. Id.
Some courts have held that ordinances enacted to suppress disorderly conduct, provide for safety, preserve health, promote prosperity, and improve morals, order, comfort and convenience of a municipality are consistent with the general laws of the state and constitution. Kansas City v. LaRose, 524 S.W.2d 112, 117 (Mo. banc 1975). More stringent smoking ordinances would appear to fall within this class.
Other courts separate ordinances into two categories — regulatory and prohibitory. These courts have held that regulatory ordinances which require more than the statutes require but otherwise leave the exercise of the statutes reasonably intact, are valid, whereas prohibitory ordinances which operate to nullify the statutes altogether, are invalid.Crackerneck Country Club, Inc. v. City of Independence,522 S.W.2d 50, 53 (Mo.App., K.C.D. 1974) (citing Nickols v. NorthKansas City, 358 Mo. 402, 214 S.W.2d 710, 712 (Mo. 1948)). However, where both an ordinance and a statute are prohibitory but the ordinance goes further, but not contrary to, the prohibition of the statute, and does not attempt to authorize what the legislature has forbidden or forbid what the legislature has expressly authorized, then the ordinance is valid and effective. LaRose, 524 S.W.2d at 117.
The Act regulates smoking in public places. The legislature obviously considered the possibility of a local government body more strictly regulating smoking when it enacted § 191.767.2, which provides:
 A smoking area may be designated by persons having custody or control of public places, except in places in which smoking is prohibited by the fire marshal or by other law, ordinance or regulation. (Our emphasis).
It is a well-established rule in Missouri that an ordinance may supplement state law and enlarge upon the provisions of a statute by requiring more than the statute requires, unless the statute limits the requirements for all cases to its own prescriptions. Page Western, Inc. v. Community Fire ProtectionDistrict of St. Louis County, 636 S.W.2d 65, 67-68 (Mo. banc 1982) (citing Vest v. City of Kansas City, 355 Mo. 1, 194 S.W.2d 38,39 (1946); and State ex rel. Hewlett v. Womach, 355 Mo. 486,196 S.W.2d 809, 812 (banc 1946)). Here, the Act does not limit regulation for all cases to its own prescriptions but rather leaves some flexibility for local governing bodies to shape their own smoking regulations.
CONCLUSION
It is the opinion of this office that no provision of the Clean Indoor Air Act, sections 191.765 through 191.777, RSMo 1994, prohibits a fourth-class city from enacting a more stringent ordinance that regulates smoking. However, any such ordinance must not attempt to permit what that Act prohibits or prohibit what that Act permits.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General