The Honorable Ken Legan Representative, District 145 State Capitol Building Jefferson City, MO 65101
Dear Representative Legan:
You have asked:
 1. If a City authorizes the appointment of a Chief of Police instead of the election of a City Marshal under Section 79.050 may that appointment be to an indefinite term or by contract, subject to removal in accordance with the provisions of Section 79.240
RSMo 1986, as amended, or must the Chief of Police be appointed to a term certain under Section 79.050
RSMo 1986, as amended.
 2. If Section 79.050 allows the appointment of a Chief of Police to an indefinite or contract term, subject to removal as provided by Section 79.240, may the Board of Aldermen amend an ordinance adopted by voters in April 1974 to eliminate the reference to the term of office of the Chief of Police, and substitute in lieu thereof provisions for the appointment of a Chief of Police to an indefinite or contract term without submitting said proposition back to the voters?
You have provided information to this office that the Board of Aldermen of Bolivar, Missouri, adopted an ordinance that was submitted to the voters for approval for the appointment of a chief of police "for a term of two years" and that that ordinance was approved by the voters in 1974 to take effect in 1975. Apparently the city has been retaining its chief of police for two year terms. The documentation you have supplied states that the mayor and board believe that a change in the ordinance to allow the chief of police to be appointed to an indefinite term would result in more qualified applicants and would remove the appointment process from the political arena.
Section 79.050 RSMo 1999 Supp. provides in pertinent part:
 The board of aldermen may provide by ordinance, after the approval of a majority of the voters voting at an election at which the issue is submitted, for the appointment of a collector and for the appointment of a chief of police, who shall perform all duties required of the marshal by law, and any other police officers found by the board of aldermen to be necessary for the good government of the city. The marshal or chief of police shall be twenty-one years of age or older. If the board of aldermen does not provide for the appointment of a chief of police and collector as provided by this section, a city marshal, who shall be twenty-one years of age or older, and collector shall be elected, and the board of aldermen may provide by ordinance that the same person may be elected marshal and collector, at the same election, and hold both offices and the board of aldermen may provide by ordinance for the election of city assessor, city attorney, city clerk and street commissioner, who shall hold their respective offices for a term of two years and until their successors shall be elected or appointed and qualified, except that the term of the city marshal shall be four years.
The relevant portion of this statute has remained essentially unchanged since prior to the ordinance passed by the city of Bolivar. Under the statute cities have a city marshal that serves for a four year term unless the board of aldermen adopts an ordinance for appointment of a chief of police by the board of aldermen which ordinance is subject to approval by the voters. The statute is silent regarding the term of office of a chief of police should a city authorize the retention of a chief of police.
There is no doubt that the legislature authorized the city to adopt a chief of police if approved by a vote of the people. The city now has a chief of police for a term of two years. There is nothing in the statutory framework that prohibits the city from changing that term of office. A city ordinance may supplement a state law and does not conflict with a statute unless the ordinance "permits what the statute prohibits" or "prohibits what the statute permits." Page Western Inc. v. Community FireProtection District of St. Louis County, 636 S.W.2d 65, 67
(Mo.banc 1982). There is nothing in the statute which dictates that a city may not change the term of office for the position of chief of police which is adopted by a vote of the people. An ordinance may change that term. Because there is no provision in the statutes for a referendum on such a change, no referendum is required, or even allowed, should the board of aldermen change the term of office. See Opinion Number 166-71, a copy of which is attached.
 CONCLUSION
After a city has adopted a chief of police position rather than a city marshal through an ordinance approved by the voters pursuant to Section 79.050 RSMo, the board of aldermen may change the term of office by ordinance, which ordinance is not subject to approval by referendum.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General