STATE of Missouri ex rel. SUNSHINE ENTERPRISES OF MISSOURI, INC., d/b/a Sunshine Title and Check Advance, Appellant,

v.

BOARD OF ADJUSTMENT OF the CITY OF ST. ANN and City of St. Ann, Respondents.

No. SC 83503.

Supreme Court of Missouri, En Banc.

Jan. 8, 2002.

Jerry J. Murphy, Laura G. Bub, St. Louis, for Appellant.

Shulamith Simon, St. Louis, for Respondents.

Kevin M. O'Keefe, Paul E. Martin, Clayton, Amicus Curiae for MO Municipalities of Bellefontaine Neighbors, Cool Valley, Hazelwood and Normandy.

John M. Hessel, Keith J. Grady, Maureen C. Beekley, St. Louis, Amicus Curiae for City of Hazelwood.

DUANE BENTON, Judge.

Sunshine Enterprises of Missouri, Inc. wants to operate a loan business in the city of St. Ann. The city and its Board of Adjustment denied Sunshine a merchant's license, citing the city's zoning code. The circuit court affirmed. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Reversed and remanded.

## I.

The state licensed Sunshine to operate as an unsecured, under-$500 lender at 10015 St. Charles Rock Road, in St. Ann. *Section 408.500 RSMo 2000.* That address is zoned "general commercial."

The city denied Sunshine a merchant's license, based on the zoning district of the address. See *sec. 94.270 RSMo 2000.* Sunshine appealed to the Board, for approval or a variance. After the appeal was filed, but before the hearing, the city passed Ordinance 2074, amending the "definitions" in the zoning code.

The Board rejected Sunshine's appeal, relying on two zoning ordinances—section 400.370 and Ordinance 2074. Section 400.370—quoted in full in the appendix—

lists "PERMITTED USES" for a general commercial district:

A.  Retail sales . . .

B.  Personal services, including barbershop, beauty parlor, cleaning and laundry pick-up establishments, photographers, shoe repair, tailoring and dressmaking, but excluding pawn shops and establishments whose primary business is check cashing and related services.

C.  Household services . . .

D.  Banks, savings and loan associations, credit unions, stock brokers and title companies.

E.  Offices, including business, dental, general, laboratory, medical, radio and television and research.

. . .

H.  Uses having the same or similar characteristics as the foregoing uses.

The Board found that subsection B excludes Sunshine, because under-$500 lending is a service related to pawn shops and check cashing.

Ordinance 2074 states:

SHORT–TERM LOAN ESTABLISHMENT: A business engaged in providing short-term loans to members of the public as a primary or substantial element of its operations and which is not licensed by the appropriate state or federal agency as a bank or savings and loan association. Such business is prohibited in all zoning districts of the City of St. Ann.

The Board found that Ordinance 2074 also excludes Sunshine, because it offers "short-term loans."

On certiorari, the circuit court affirmed the Board. *Section 89.110 RSMo 2000.* Sunshine appeals. This Court reviews the Board's decision—not the circuit court's. *State ex rel. Teefey v. Board of Zoning Adjustment,* 24 S.W.3d 681, 684 (Mo. banc 2000).

## II.

According to the city, section 400.370 is a permissive use ordinance, so that only expressly listed uses are permitted. See *Frison v. City of Pagedale,* 897 S.W.2d 129, 133 (Mo.App.1995). The city claims that under-$500 lending is not expressly listed, and therefore not permitted. The interpretation of an ordinance is a question of law for this Court. *Teefey,* 24 S.W.3d at 684. This Court gives effect to the intent of the enacting legislative body, based on a review of the whole ordinance. *Id.; Wollard v. City of Kansas City,* 831 S.W.2d 200, 203 (Mo. banc 1992).

Section 400.370 permits a wide range of commercial uses, including retail sales, personal services, household services, financial institutions, offices, and public buildings. Subsection H, the catch-all, permits uses with "the same or similar characteristics" as a listed use. By authorizing uses with "similar" as well as the "same" characteristics, subsection H permits an unlisted use with characteristics that are not identical to those of a listed use.

Under-$500 lending has the same or similar characteristics as personal services and financial institutions. *Sections 400.370.B, D, H.* Short-term consumer loans are similar to a personal service, as indicated by the exclusion of pawn shops and check cashing establishments. *Section 400.370.B.* Under-$500 lenders—like banks, savings and loan associations, and credit unions—offer unsecured loans to consumers. See *secs. 362.105, 369.144(15), 369.229, 369.695.1, 370.070(2), 370.300, 370.310 RSMo 2000; 4 CSR 140–20.046 (2001).* Thus, under-$500 lending is a permitted use. *Sections 400.370.B, D, H.*

The city contends that under-$500 lenders are expressly excluded as "pawn shops and establishments whose primary business is check cashing and related services." *Section 400.370.B.* The second phrase "establishments whose primary business is check cashing and related services" refers to one type of excluded business. If "related services" were a separate business, the ordinance would read (addition bracketed; deletion stricken): "pawn shops[,] ~~and~~ establishments whose primary business is check cashing and related services."[1]

Sunshine is not a "pawn shop." Pawn shops are defined and licensed under a different state law. *Sections 367.011(4), 367.043.1 RSMo 2000.*

■ Nor is Sunshine an "establishment whose primary business is check cashing and related services." When Sunshine lends money, it accepts a check for the amount of the loan and fees, post-dated to the due date. Fees increase with the amount of the loan. At the due date, the customer can pay cash for the loan and fees, let Sunshine cash the check, or "buy" an extension. If Sunshine cashes the check and it is not honored, Sunshine pursues remedies against the customer, the *drawer/payer* of the check.

According to the record, check-cashing businesses are not licensed by the state. Check-cashing businesses charge customers a fee to cash a check, typically issued by a third party. The fee increases with the likelihood of dishonor. If the check is dishonored, the check-cashing business's recourse is primarily against the third party, the *drawer/payer* of the check—not the customer, who typically is the *payee.*

Sunshine's use of a check does not make it a check-cashing business. Sunshine's primary business is making loans, not cashing third-party checks and performing related services. Sunshine is not an "establishment whose primary business is check cashing and related services." *Section 400.370.B.*

Under section 400.370, Sunshine can operate in a general commercial district, because subsections B, D, and H permit, and subsection B does not exclude, an under-$500 lender.

## III.

■ The city claims that, even if permitted by section 400.370, Sunshine is excluded by Ordinance 2074. The city views Ordinance 2074 as a land use "zoning" regulation. See *secs. 89.010–040 RSMo 2000.* Zoning ordinances are presumptively within the police power. *Flora Realty and Inv. Co. v. City of Ladue,* 362 Mo. 1025, 246 S.W.2d 771, 778 (banc 1952); *State ex rel. Helujon, Ltd. v. Jefferson County,* 964 S.W.2d 531, 536 (Mo.App. 1998). This Court has long held that ordinances that are regulatory, but not prohibitory, do not conflict with state law. *Teefey,* 24 S.W.3d at 685–86; *Page Western, Inc. v. Community Fire Prot. Dist.,* 636 S.W.2d 65, 67 (Mo. banc 1982); *State ex rel. Hewlett v. Womach,* 355 Mo. 486, 196 S.W.2d 809, 814 (banc 1946).

■ Sunshine responds that Ordinance 2074 is a complete prohibition, which conflicts with state law. Cities may not enact ordinances that conflict with state statutes or regulations. *Teefey,* 24 S.W.3d at 685; *Page Western,* 636 S.W.2d at 67;

---

1. Section 400.370 of the zoning code does not use the serial comma before "and." See, e.g., *sec. 400.370.B* ("Personal services, including barbershop, beauty parlor, cleaning and laundry pick-up establishments, photographers, shoe repair, tailoring and dressmaking, ..."); *sec. 400.370.D* ("Banks, savings and loan associations, credit unions, stock brokers and title companies.").

*State ex rel. Burnau v. Valley Park Fire Prot. Dist.*, 477 S.W.2d 734, 735–36 (Mo. App.1972). An ordinance conflicts with state law if it permits something state law prohibits, or prohibits something state law permits. *Teefey*, 24 S.W.3d at 685. Whether the ordinance conflicts with state law is a question of law, which the Court reviews de novo. *Id.* at 684.

State law authorizes under-$500 lenders. *Section 408.500 RSMo 2000; Barry Serv. Agency Co. v. Manning*, 891 S.W.2d 882, 891 (Mo.App.1995). Sunshine thus operates a permitted business within the state of Missouri.

Under Ordinance 2074, short-term lending is "prohibited in all zoning districts of the City of St. Ann." Where the city prohibits a business that state law permits, the city has the burden to show that the ordinance does not conflict with state law. See *Nickols v. North Kansas City*, 358 Mo. 402, 214 S.W.2d 710, 712–13 (1948); see also *McKay Buick, Inc. v. Love*, 569 S.W.2d 740, 743 (Mo. banc 1978). The city meets this burden by showing that its regulation is a valid exercise of the zoning power, that the state-authorized business is not an appropriate use within the city. See, e.g., *McDermott v. Village of Calverton Park*, 454 S.W.2d 577, 581–84 (Mo. banc 1970). In this case, the city has not shown that Ordinance 2074 is a valid exercise of the zoning power.

### IV.

The judgment of the circuit court is reversed, and the case remanded.

All concur.

### APPENDIX

### SECTION 400.370: PERMITTED USES

A. Retail sales, including appliances, book store, card and gift shop, carpeting, clothing, department store, drug store, fabrics, florist, food store, furniture store, furrier, garden shop, hardware store, health foods, hobby shop, jewelry store, newsstand, pet shop, radio and T.V. store and sporting goods and sale or rental of pre-recorded movies, videotapes and entertainment software with less than forty thousand (40,-000) square feet, excluding retail sales of any used goods, wares and merchandise, except the retail sale and rental of previously played pre-recorded movies, entertainment software and videotapes, including video games, that have been previously rented at such premises, provided that the use of the premises for the sale and rental of previously played pre-recorded movies, entertainment software and videotapes, including video games, shall not occupy more than five percent (5%) of such part of such premises used for retail sales and rental of new pre-recorded moves [*sic*], entertainment software and videotapes, including video games.

B. Personal services, including barbershop, beauty parlor, cleaning and laundry pick-up establishments, photographers, shoe repair, tailoring and dressmaking, but excluding pawn shops and establishments whose primary business is check cashing and related services.

C. Household services, including appliance repair, bicycle repair, carpeting and draperies, electrical, heating and cooling, painting, plumbing, radio and television repair and upholstery.

D. Banks, savings and loan associations, credit unions, stock brokers and title companies.

E. Offices, including business, dental, general, laboratory, medical, radio and television and research.

F. Public building or facility of any kind used by any City, County, State or Federal agency.

G. Public elementary, junior high and senior high schools and parochial and private schools offering a similar curriculum.

H. Uses having the same or similar characteristics as the foregoing uses.