

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CITY OF MOLINE ACRES, | ) | No. ED99787 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Mary B. Schroeder |
| CHARLES W. BRENNAN, | ) | |
| | ) | Filed: January 28, 2014 |
| Defendant/Respondent. | ) | |

INTRODUCTION

This appeal involves a challenge to the validity of a traffic ordinance ("Ordinance") that was enacted by the City of Moline Acres ("City") "to encourage the reduction in the number of vehicles that are driven on the City's roads and thoroughfares at dangerous rates of speed," by installing what are commonly referred to as "speed cameras." Charles Brennan received a ticket pursuant to the Ordinance and contested the matter in the Circuit Court of St. Louis County. Thereafter, Brennan filed a motion to dismiss "the prosecution," arguing the Ordinance is invalid because it conflicts with state law and violates his right to due process. After a hearing, the trial court declared the Ordinance conflicts with state law and, therefore, dismissed City's action against Brennan. City appeals from the trial court's judgment of dismissal. On appeal, City contends the trial court erred by dismissing its claim because the Ordinance: (1) does not

conflict with state law; (2) was validly enacted pursuant to City's police powers; and (3) did not violate Brennan's due process rights. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2012, City enacted Ordinance 1084, which authorizes the installation and use of speed cameras in various locations on its streets "for the purpose of detecting violations of public safety on roadways." The Ordinance creates a duty for owners or lessees "to ensure that their motor vehicle at all times complies with the prescribed speed limit." The Ordinance deems it a violation of traffic laws if owners permit their motor vehicles "to be operated at a rate of speed in excess of the posted speed limit where the violation is captured by a [speed camera]."[1] Thus, the Ordinance imposes strict liability on the owner or lessee of the vehicle "without regard to whether the Owner was operating the motor vehicle at the time of the infraction."

After a vehicle has been photographed driving in excess of the posted speed limit, City police officers review the photographic and ownership records, and determine whether a notice of violation should issue. City's prosecutor will also review information that may be submitted by the vehicle's owner to determine whether specific circumstances excuse or justify a recorded violation of the Ordinance. The only sanction for an Ordinance violation is identified as a civil fine of $130.[2] The Ordinance expressly provides that incarceration is not a permitted sanction, however, it is silent both as to

---

[1] During the pendency of this appeal, the Ordinance was amended to provide that a violation of public safety on roadways occurs only if the owner's vehicle is traveling at a speed of more than ten miles an hour in excess of the posted speed limit.

[2] Although the Ordinance requires a fine of $130, Brennan received a notice demanding $124 and the parties stipulated that the fine in this case was $124; furthermore, language in the Ordinance which assessed a fine of $200 for vehicles traveling at a rate of speed of 20 miles an hour or more over the posted speed limit was repealed.

whether City interprets a speed camera offense as a moving violation, and whether the offense is to be reported to the Missouri Department of Revenue for the assessment of points against a driver's record.

Those who wish to contest their violations, rather than pay the fine, receive a notice to appear in court which specifies a court date. The municipal court, or the circuit court in cases of de novo appeals, determines liability if a violation is contested. Those who do not pay the civil fine or fail to appear in court after receiving a notice to appear in court are sent a summons to appear in court. The Ordinance provides that if an individual does not appear after being summoned, he or she shall be subject to prosecution for failing to appear in court.

Brennan received a Notice of Violation ("Notice") dated August 10, 2012. Thereafter, Brennan chose to contest the matter and filed in the circuit court a motion to certify his case for a jury trial. On December 6, 2012, Brennan filed a motion to dismiss "the prosecution." In his motion, Brennan challenged the validity of the Ordinance and the Notice, arguing both were invalid. Specifically, Brennan asserted in his motion to dismiss that the Ordinance conflicts with State law because it "eschews" the State's mandatory laws concerning the assessment of points for speeding, and the Ordinance as well as the Notice violate Brennan's due process rights. After a hearing, the court found that the Ordinance conflicts with state law because it seeks to regulate speeding – an act already prohibited by state law – but exempts the violation of such law from criminal prosecution and instead imposes a civil fine on the vehicle owner for its violation. The court entered its judgment dismissing City's prosecution and this appeal follows.

STANDARD OF REVIEW

"The standard of review for a trial court's grant of a motion to dismiss is de novo." Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008) (citation omitted). Our review assumes every fact that was pled in the petition to be true and we make no attempt "to weigh any facts alleged as to whether they are credible or persuasive." State v. Dowell, 311 S.W.3d 832, 837 (Mo. App. E.D. 2010) (quoting Ryan v. Ford, 16 S.W.3d 644, 647 (Mo. App. W.D. 2000)); Richardson v. Richardson, 218 S.W.3d 426, 428 (Mo. banc 2007). However, the question of whether an ordinance conflicts with state law is purely a question of law; a determination which we review de novo. State ex rel. Sunshine Enterprises of Missouri, Inc. v. Board of Adjustment of City of St. Ann, 64 S.W.3d 310, 313-314 (Mo. banc 2002).

DISCUSSION

Although City raises three points on appeal, the first point is dispositive. In its first point, City contends the trial court erred in dismissing its action against Brennan because the Ordinance was not in conflict with state law. We disagree.

In Missouri a municipal ordinance is void if it conflicts with the general laws of the state. McCollum v. Dir. of Rev., 906 S.W.2d 368, 369 (Mo. banc 1995). Further, "[n]o ordinance shall be valid which contains provisions contrary to or in conflict with" the state's traffic regulations. Section 304.120.3, RSMo 2000.[3] "The test for determining if a conflict exists is whether the ordinance 'permits what the statute prohibits' or 'prohibits what the statute permits.'" Cape Motor Lodge, Inc. v. City of Cape Girardeau, 706 S.W.2d 208, 211 (Mo. banc 1986) (quoting Page Western, Inc. v. Cmty. Fire

---

[3] Unless otherwise indicated, all further statutory references are to RSMo 2000.

4

Protection Dist., 636 S.W.2d 65, 67 (Mo. banc 1982)). "The ordinance may supplement a state law, but when the expressed or implied provisions of each are inconsistent and in irreconcilable conflict, then the statute annuls the ordinance." Miller v. City of Manchester, 834 S.W.2d 904, 907 (Mo. App. E.D. 1992) (citing Page Western, Inc., 636 S.W.2d at 67).

Missouri's statutory scheme creates a misdemeanor offense for persons who operate a moving vehicle on a city's roads in excess of five miles per hour of the posted speed limits.[4] See Section 304.010 (allowing, inter alia, municipalities to regulate the speed limits within their corporate limits, and making operation of a moving vehicle in violation of such speed limits a class C misdemeanor, "unless such person was exceeding the posted speed limit by twenty miles per hour or more then it is a class B misdemeanor."). State law further implements a point system for the suspension and revocation of licenses for those drivers – or in some cases non-operators of a vehicle – who violate various state traffic laws, including section 304.010. See Section RSMo 302.302; Section 302.225.1 (requiring, inter alia, the reporting of points by a municipality to the Director of Revenue for the assessment of points against operators of vehicles convicted of speeding under 304.010).

Here, City seeks to distinguish the Ordinance from the state's laws by arguing that the Ordinance imposes liability on the owners of vehicles rather than the drivers. Specifically, City argues that because the Ordinance imposes liability on the owners of motor vehicles, rather than drivers, for the manner in which their vehicles are operated,

---

[4] Section 304.009 provides that any violation of the speed limits set forth in section 304.010 of five miles per hour or less, is an infraction, not a misdemeanor, and that no points are to be assessed.

5

the Ordinance does not directly conflict with the state's statutory scheme which imposes liability on drivers.

City's argument was recently rejected in Edwards v. City of Ellisville, ED99389, 2013 WL 5913628 (Mo. App. E.D. Nov. 5, 2013).[5] Edwards similarly involved an ordinance that imposed strict liability upon the owners of vehicles that were photographed violating the state's traffic laws, (i.e. running a red light). Id. at *14. In Edwards, as in this case, the ordinance sought to impose strict liability on a vehicle's owner rather than on the driver for violating state traffic laws as applied to moving violations. Id. The Edwards court found that any ordinance which seeks to impose strict liability on a vehicle's owner, rather than the driver, for the manner in which a moving vehicle is operated in violation of state law, conflicts with such state law. Id. at *16. The conflict arises because the ordinance "unmistakably permits what the statute prohibits – prosecution and penalization of persons who are [not] drivers . . . for [violating the state traffic law]. This municipal expansion of liability for [a state traffic violation] conflicts with the state statute regulating the same subject." Id. And this, alone, is enough to create a "clear conflict" between the ordinance and state law. Id.

We find Edwards controlling and therefore hold that because the Ordinance in this case imposes strict liability on the owner of a vehicle rather than the driver, it conflicts with the state's law to the extent that it permits the prosecution and penalization of persons who were not actually driving the vehicle. Accordingly, the trial court did not err

---

[5] As of the date of issuance of this opinion, the Edwards opinion remains subject to the Missouri Supreme Court's disposition of a pending application for transfer.

6

in sustaining Brennan's motion to dismiss.[6] Point I is denied. Because we find the Ordinance void and unenforceable we decline to consider whether the Ordinance was validly enacted pursuant to City's police powers or whether it violates Brennan's due process rights.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

_____
Lisa S. Van Amburg, Presiding Judge

Patricia L. Cohen.J., and
Philip M. Hess, J., concur.

---

[6] City further argues in its Point I that the Ordinance does not conflict with state law because state law only requires the assessment of points against operators of a vehicle under Chapter 302. Although we do not reach the merits of this argument, we refer the parties to this Court's recent holding in, Unverferth v. City of Florissant, ED98511, 2013 WL 4813851 at 16 (Mo. App. E.D. Sept. 10, 2013), *transfer denied* (Oct. 22, 2013) (when conduct regulated by the Ordinance and described in the Notice is a moving violation, the Ordinance must comply with Chapter 302; otherwise the Ordinance permits moving violations to be classified as non-moving violations in direct conflict with state law).